JOHN T. HERBERT v. CITY OF DAYTONA BEACH.

163 So. 566.
Opinion Filed October 15, 1935.

*H. E. Couchman,* for Appellant;

*Leon J. C. Harton,* for Appellee.

DAVIS, J.—The facts in this case may be succinctly stated as follows:

On October 5, 1935, plaintiff John T. Herbert filed in the Circuit Court of Volusia County, Florida, a taxpayer's suit on behalf of himself and all other taxpayers and inhabitants of said city. He alleged that the city had prior to June 17, 1934, proposed to issue certain water revenue certificates in the amount of $280,000.00; that authority for the issuance of such certificates was contained in Section 146 of the City Charter known as Chapter 10466, Special Acts of 1925; that on October 17, 1934, said city filed a petition in the Circuit Court of Volusia County, Florida, praying for the validation of said certificates; that on November 21, 1934, said Circuit Court entered a judgment and decree validating said certificates; that on appeal, the Supreme Court on December 28, 1934, affirmed the decree validating the proposed issue of said water revenue certificates; that thereafter on September 30, 1935, the defendant city adopted a resolution authorizing the delivery to the United States of America Public Works Administration $150,000.00 worth of said certificates pursuant to a certain understanding or arrangement between said city and the United States of America or one of its agencies; that such delivery was to be made pursuant to a certain "arrangement or understanding" contained in a certain writing.

The bill further alleged that on September 28, 1935, the certificates were "executed" in the sense that on that date they were "signed and issued." It averred further that unless enjoined, defendant city would forthwith deliver said certificates to the United States of America or one of its agencies in compliance with the aforementioned arrangement or understanding.

Thereupon it was set forth in the bill that the Legislature of the State of Florida enacted a general law applicable to all municipalities throughout the State whereby provision was made for the issuance by any municipality of "mortgage revenue certificates or debentures" upon the compliance with certain requirements stated in said Act, said Act being known as Senate Bill No. 515, Chapter 17118 (No. 347), Acts of 1935 (Volume 1, General Laws 1935, page 979). The bill also stated numerous conditions specified in Section 5 of said Act and further alleged non-compliance with such provision on the part of defendant.

Because of such non-compliance the bill alleged that the "execution," "signing" and "issuance" of said certificates on September 28, 1935, was *ultra vires,* and beyond the lawful authority of said city; that the delivery of the certificates will obligate defendant city to comply with certain conditions stated in the certificates and stated in the aforementioned arrangement or understanding; that such compliance will result in the doing of *ultra vires* and unauthorized acts throughout the period from the date of delivery continuous to and including the year 1935; that compliance with said conditions will result in increased taxation to plaintiff and other taxpayers in the city and will cause an increase in the rates, prices, and compensation required to be paid by the plaintiff and other inhabitants of the city for water therein and that thereby plaintiff and all

other taxpayers and water consumers, and the city itself, will suffer an irreparable injury.

To avoid the threatened injury complained of, plaintiff prayed that the city be enjoined from delivering said certificates and that the certificates be decreed to be null and void. In opposition to the bill of complaint, defendant filed a motion to dismiss the bill, by which motion defendant contended that the validity of the certificates enjoined was in nowise affected or impaired by Chapter 17118, Acts of 1935, but the matter of the validity thereof was *res·adjudicata* under the decision of the Supreme Court on December 28, 1934, reported in the case of State v. City of Daytona Beach, 118 Fla. *29,* 158 Sou. Rep. 300; that plaintiff did not have sufficient interest to maintain the suit; that the averments regarding future increase in taxes and water rates and irreparable injury were statements of conjecture and conclusions; and that the bill lacks equity in that no fraud, wrong doing or other unauthorized act was stated therein.

The chancellor sustained the city's motion to dismiss the ·appellant's bill for want of equity and in that adjudication we concur.

Chapter 17118, Acts 1935, General Laws of Florida, is a general law relating to the powers of all municipalities in the State, including the City of Daytona Beach. The fact that it is inconsistent in its provisions with some of the local provisions of the charter of Daytona Beach does not supersede or repeal the charter powers and provisions. There is nothing in said Chapter 17118, *supra,* to indicate that it was specifically intended to repeal or supersede any local statutory provisions of municipal charters, even if it should also cover the same subject matter, therefore the general law is presumed to have been intended to provide,

as to all municipalities, an additional or supplemental authority or method for accomplishing the same lawful municipal purposes as the local charters, such as the Charter of the City of Daytona Beach might have provided with reference to the construction and operation of waterworks and the raising of funds for such purposes. The effect of the new 1935 general law is to leave it optional with the City of Daytona Beach to act either under the provisions of its charter or under the general law. See the able opinion of Mr. Justice BROWN in Sullivan v. City of Tampa, 101 Fla. 298, 134 Sou. Rep. 211, where the foregoing rule is clearly stated and the authorities in support of it cited.

We hold therefore that pursuant to the validation decree affirmed by this Court in State v. City of Daytona Beach, 118 Fla. 29, 158 Sou. Rep. 300, the City of Daytona Beach retains lawful authority to now deliver the certificates in that case referred to and held valid to be issued, notwithstanding, and without complying with, the subsequently enacted Chapter 17118, Acts 1935, General Laws, which we hold to be inapplicable as applied to the certificates heretofore validated under the provisions of the city charter.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.