B. C. WILSON and THE STATE v. CITY OF BARTOW.

168 So. 545.

En Banc.

Opinion Filed May 23, 1936.

*W. P. Allen,* for Appellants;

*M. J. Wilson* and *Mabry, Reaves, Carlton & White,* for Appellee.

PER CURIAM.—The City of Bartow, Florida, a municipal corporation, under and by virtue of Chapter 9683, Laws of Florida, Acts of 1923, and Acts amendatory and supplementary thereto, and other special Acts of the Legislature, has heretofore for a number of years owned, operated and maintained an electric light plant and distribution system, the construction of which was originally financed by general obligation bonds duly authorized and issued on be-

half of the municipality according to prevailing statutes applicable thereto.

This appeal is from a decree of the Circuit Court validating the proposed issuance of $101,000.00 Revenue Certificates of the City of Bartow, provided to be payable solely from the revenues derived from the electric light plant and distribution system of said city, the obligation of said certificates being specifically and in terms limited to a pledge of fifty per centum of the anticipated net revenues of the electric light plant and distribution system upon which the proceeds of the certificates are to be expended, and being capable of enforcement against nothing more, under the terms of the law, the authorizing resolution and the validation decree.

The purpose of the contemplated funding embraced in the projected certificates is not to embark upon a new and original utility capital expenditure, but is to finance the cost of construction of needed additions and improvements to the existing electric light plant and distribution system of the City of Bartow that has been in operation in the City of Bartow for many years, and which was so in operation at the time amended Section 6 of Article IX of the Constitution of Florida was proposed by the Legislature and ratified by the people as a part of the Constitution of Florida.

The facts and circumstances shown by the record, and the limitations incorporated into the authorizing resolution and consequent validation decree approving same, and the legal effect of the proceedings had and ratified by the decree appealed from, bring this case within the definitely adjudicated principles of State v. City of Miami, 113 Fla. 280, 152 Sop. Rep. 6; State v. City of Lake City, 116 Fla. 10, 156 Sou. Rep. 924 and State v. City of Daytona Beach, 118 Fla. 29, 158 Sou. Rep. 300, heretofore decided by this Court. There-

fore the decree appealed from should be and is hereby affirmed on authority of the cases just cited, which we adhere to and hold to be controlling in a case such as that presented by the record in this case.

It is therefore considered, adjudged and decreed by this Court that the validation decree of the Circuit Court of Polk County, in manner and form as entered and appealed from be, and the same is hereby, affirmed, and that mandate in conformity with this judgment do issue within ten days as provided for by Section 5108 C. G. L., 3298 R. G. S., Chapter 11854, Acts 1927, if no petition for rehearing has been filed within that period.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.