STATE OF FLORIDA v. CITY OF CLEARWATER.

168 So. 546.

En Banc.

Opinion Filed May 23, 1936.

*Chester B. McMullen,* State Attorney, for Appellant; *John C. Polhill,* and *S. E. Simmons,* for Appellee.

*Francis P. Fleming, Giles J. Patterson, Ralph Richards, J. W. Watson, Jr., Mitchell D. Price, & Charles W. Zaring, Sumter Leitner, W. T. Vaughn, James Messer, Jr., Allen Clements, Jim Clements, James A. Franklin, Ernest E. Mason, J. M. Austin* and *William M. Madison,* as *Amicus Curiae.*

PER CURIAM.—The City of Clearwater, Florida, under and by virtue of Chapter 9710, Laws of Florida, Acts of 1923, and acts amendatory and supplementary thereto, for a number of years has owned and operated a municipal gas plant which produces illuminating gas that is distributed by it to consumers throughout the city.

On January 6, 1936, the city, acting through its duly elected and qualified commissioners, adopted an ordinance stating that certain additions and improvements to the gas plant were necessary, and authorizing an issue of gas revenue certificates in the amount of $79,000.00 to finance

these improvements. The ordinance specifically provided that these certificates should be paid off out of a special fund( to-wit: revenues to be derived from the operation of the gas plant; and that no taxes should ever be levied or no moneys diverted from any other city funds for the purpose of paying either interest or principal of the said certificates. The ordinance did not provide for an election to authorize or ratify the issuance of these certificates under Section 6 of Article IX of the Constitution of Florida, and the city proposes to issue and sell the certificates without having them voted on by the freeholders.

The situation presented in this case is in all respects like unto that dealt with in the case of B. C. Wilson and State of Florida v. City of Bartow, 123 Fla. (see next case), 168 Sou. Rep. 545, this day decided and is controlled by the same applicable principles of law.

So upon the authority of that decision, and our previously decided cases of State v. City of Miami, 113 Fla. 280, 152 Sou. Rep. 6; State v. City of Lake City, 116 Fla. 10, 156 Sou. Rep. 924, and State v. City of Daytona Beach, 118 Fla. 29, 158 Sou. Rep. 300, referred to and followed therein, the decree in this case validating the issuance of the proposed revenue certificates by the City of Clearwater should be, and is hereby, affirmed, the showing being that the proposed certificates are to be used solely for the necessary requirements of an existing operating gas plant into which the proceeds of the certificates are to be invested for the purpose of protecting, improving and extending the existing system, and not to embark upon a new and original capital venture not authorized by the freeholder electors of the City of Clearwater.

It is therefore considered, adjudged and decreed by this Court that the validation decree of the Circuit Court of

Pinellas County, in manner and form as entered and appealed from be, and the same is hereby, affirmed, and that mandate in conformity with this judgment do issue within ten days as provided for by Section 5108 C. G. L., 3298 R. G. S., Chapter 11854, Acts 1927, if no petition for rehearing has been filed within that period.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.