STATE v. CITY OF PUNTA GORDA and NORMAN C. HEWITT.

168 So. 835.
Division B.
Opinion Filed June 11, 1936.

*Roy D. Stubbs,* State Attorney, for Appellant;

*Thos. W. Butler,* for Appellees.

DAVIS, J.—This was a proceeding brought under Section 5106-5112 C. G. L., 3296-3302 R. G. S., for the validation of certain water revenue certificates proposed to be issued by the City of Punta Gorda without submitting the matter of their approval to the qualified elector freeholders of the city under or in pursuance to amended Section 6 of Article IX of the Constitution of Florida.

The substance of the scheme of financing contemplated to be effectuated by the validated certificates in controversy in the instant case is the pledge by the City of Punta Gorda in its proprietary capacity of its anticipated water revenues when collected, in order to raise funds for essential additions and betterments to an existing plant. It is not to create or establish an entirely new utility through the funding of a visionary hope for sufficient revenues to be realized to pay for the embarkation upon a novel capital venture. The idea of mortgaging or encumbering in any way the existing plant, or the imposition in any respect of any obligation, direct or indirect, on the city's taxing power, or upon any of the city revenues derived or expected to be derived from sources other than the earnings of the going plant itself as enlarged and improved, is expressly excluded in and by the terms of the authorized proceedings and validation decree.

So this case, with the single exception of the special and peculiar questions of law hereinafter referred to, is in all respects similar to, and controlled by, the decisions of this

Court in State v. City of Miami, 113 Fla. 280, 152 Sou. Rep. 6 (1933); State v. City of Lake City, 116 Fla. 10, 156 Sou. Rep 924 (1934); State v. City of Daytona Beach, 118 Fla. 29, 158 Sou. Rep. 300 (1934); B. C. Wilson and State v. City of Bartow, 124 Fla. 356, 168 Sou. Rep. 545; State of Florida v. City of Clearwater, 124 Fla. 354, 168 Sou. Rep. 546.

The City of Punta Gorda is governed by Chapter 9055, Laws of Florida, Acts of 1921. In providing for the issuance of the water revenue certificates involved in the present case, there was included in the authorizing ordinance a provision reading as follows:

"The City will make reasonable payment into the revenue fund for the facilities and services afforded to the City and all departments thereof by the waterworks system." It is argued by the appellant that because of the inclusion of such provision, that it in effect means that the City shall use its governmental revenues to pay for what water it may use for its own purposes, and thereby "bond" itself in violation of Amended Section 6 of Article IX of the Constitution.

But the provision in question, if construed as it should be read to mean, is not the creation *per se* of any contractual obligation in the nature of a "bond." There is no promise to take or pay for any specified quantity of water nor to pay for it for any specified time. There is nothing in the provision which requires the city to take any water at all from the plant in question. It is merely a collateral undertaking, contractual in its nature, that in the event it does take and use any water from its water plant held in a proprietary capacity, that it shall pay for the water used by it at a rate reasonable for such use, or in other words, on the same terms as others must pay, for the value of the water used.

Whether or not the waterworks plant renders any service at all to the City is optional with it. There is no contractual obligation brought into existence by which the City can be *compelled* to "feed" the liquidating funds out of its own funds as a means of repaying what has been advanced. On the contrary, the simple meaning of the provision of the ordinance in controversy is that the city, as a water user, shall stand in the same relation to the waterworks plant as all other water customers who may elect to patronize its facilities. This it would have to do in any event were the waterworks privately owned. We see no reasonable objection to the application of sound principles of business management to the city waterworks plant merely because it is publicly owned. Nothing more can be compelled of the city by legal process than the city itself pay value for any water used by it, and then only for what it may have used, and what it voluntarily elects to use, from time to time, in the regular course of its corporate and governmental operations.

Such a provision as that hereinbefore referred to, though contractual in its nature, and enforceable by legal processes to the limited extent hereinbefore indicated, is not violative of amended Section 6 of Article IX of the State Constitution merely because moneys derived by reason of the enforcement of such provision will go to repay the proposed water revenue certificates that have been herein validated. Compare: Kentucky Utilities Co. v. City of Paris, 256 Ky. 226, 75 S. W. (2nd) 1082.

Other questions in the case have been considered, but are found to be no cause for reversal of the decree appealed from. So the decree must be and is hereby affirmed.

It is therefore considered, adjudged and decreed by this Court that the validation decree of the Circuit Court of

Charlotte County, in manner and form as entered and appealed from be, and the same is hereby, affirmed, and that mandate in conformity with this judgment do issue within ten days as provided for by Section 5108 C. G. L., 3298 R. G. S., Chapter 11854, Acts 1927, if no petition for rehearing has been filed within that period.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.