H. E. PATTON v. THE CITY OF PANAMA CITY, C. P. RUSS, *et al.,* as City Commissioners, *et al.*

169 So. 638.
Opinion Filed August 3, 1936.

*Wm. H. Sapp,* for Appellant;

*J. M. & H. P. Sapp,* for Appellee.

PER CURIAM.—The appeal brings for review a decree of the Circuit Court in and for the Fourteenth Judicial Circuit of Florida, Bay County, denying injunction and dismissing bill of complaint by which bill of complaint it was sought to enjoin the City of Panama City, a municipal corporation, and its officers from issuing certain waterworks certificates.

The decree was as follows:

"1.   That the municipality, City of Panama City, has statutory authority to construct, operate, maintain, extend and improve a waterworks system ·for supplying water to the inhabitants of said municipality and so has authority to construct the project described in the bill' of complaint.

"2.   That it appears from the face of the bill of complaint filed and exhibits attached that the project described therein is a necessary improvement or betterment to the waterworks system owned and operated by the City of Panama City.

"3.   That it appears from the fact of the bill of complaint that the City of Panama City has been deriving annually from its waterworks system sufficient revenues to pay the cost of operation of the same, as the same shall be extended and improved by the proposed project, and also the interest upon and provide for the sinking fund of the Revenue Certificates proposed to be issued.

"4. That the revenue certificates proposed to be issued, principal and interest thereof, are payable solely from the revenue received by the City of Panama City from the continued operation of its waterworks system and that said revenue certificates which issued will constitute no direct or contingent pledge of the taxing power of the City of Panama City, nor impose any legal or moral duty or obligation, directly or indirectly, upon said municipality to exercise the power of taxation to pay the same.

"5. That the revenue certificates proposed to be issued, as described in the bill of complaint, do not constitute bonds, and thus pledge the taxing power of the City of Panama City for the payment of principal and interest thereof, in the meaning of Section 126 of Chapter 11678, Laws of Florida, Acts of the Legislature of the Extraordinary session of 1925, which is the charter of the City, nor in the meaning of Section 6, Article 9 of the Constitution of Florida by a vote of the freeholders of the City.

"6. The court further finds, therefore, that there is no equity in the bill:

"It is ordered that the application of the plaintiff for an injunction herein be, and the same is hereby denied:

"The plaintiff declaring that time for amendment is not desired and that no amendment to the bill would be made;

"It Is Considered, Ordered, Adjudged and Decreed by the Court that the bill of complaint herein be, and the same is hereby, dismissed at the cost of the plaintiff."

The issues presented by the bill of complaint, the exhibits attached thereto and by apt language made a part thereof, and the motion to dismiss present the identical legal questions which were presented for our determination in the case of E. H. Boykin v. Town of River Junction, in which opinion and judgment was filed on July 17th, 1936.

The same legal principles are discussed and the law applicable thereto enunciated in the very able opinion prepared by Mr. Chief Justice WHITFIELD in the case of E. L. Williams v. Town of Dunnellon, *et al.*, opinion filed at this Term of Court and on authority of the opinions and judgments in those cases, the decree and order appealed from in this case should be, and the same are, affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, P. J., concurs upon the principle announced in his specially concurring opinion in the case of State, *ex rel.* City of Vero Beach, v. MacConnell, this day filed.