STATE v. CITY OF PLANT CITY.

173 So. 363.
Opinion Filed March 22, 1937.

*J. Rex Farrior* and *R. M. Huntley,* for Appellant;

*Jas. D. Bruton, Jr.,* for Appellee.

DAVIS, J.—The City of Plant City is a municipality under the statutes of this state. By Chapter 17118 and 17119, Acts of 1935, Laws of Florida, it is authorized and empowered to construct, operate and maintain a gas plant and distribution system upon satisfying all of the terms, requirements and conditions of said Acts of the Legislature. It is affirmatively shown by the record that all procedural terms, requirements and conditions of said Chapter 17118 and 17119, *supra,* have been compiled with and that there has been called and held, with favorable result, a freeholder's election under amended constitutional Section 6 of Article IX to authorize the issue of $55,000.00 revenue debentures to be used to construct a gas plant for domestic, municipal and industrial use in said municipality of Plant City.

The sole objection here urged to the validity of the projected issue of debenture certificates, which have been validated by decree of the Circuit Court rendered pursuant to Sections 5106 C. G. L., 3296 R. G. S., *et seq.,* is one interposed by the State Attorney and predicated upon that portion of Section 3 of Chapter 17118 as amended by Section 1 of Chapter 17119, Acts of 1935, reading as follows:

"* * * Provided, however, that a private company or Municipality shall not construct any system, work, project or utility authorized to be constructed hereunder in the event that a system, work, project or utility of a similar character is being actually operated by a municipality or private company in the municipality or territory immediately adjacent thereto, unless such municipality or private company consents to such construction."

The answer of the State's Attorney contains the following allegation:

"That there is in existence and operation within the corporate limits of the City of Plant City and the adjacent territory, an electric power company and that its operations are in substance as alleged in said petition. However, within the purview of Chapter 17118, Laws of Florida, Acts of 1935, this respondent alleges as a matter of law, that the existing and operating electric power company and the gas plant and distribution system referred to in said petition, are of similar character and that by reason of Section 3 of Chapter 17118, Laws of Florida, Acts of 1935, and that the revenue debentures sought in said petition to be validated, should not and can not be lawfully validated in accordance with the prayers of said petition since said electric power company and the said gas plant and distribution system are similar in character as a matter of law, since both supply heat for domestic and commercial uses which the respondent alleges to be true. This respondent does not deny the method and manner of the operation of said electric company and neither does it deny the method and manner of the operation of the gas plant and the distribution system referred to in said petition but shows unto the Court that in view of the aforesaid statute that said petitioner is not authorized to issue said revenue debentures and this respondent urges this COURT, based upon said allegations of fact, to construe the law to be that said electric company and the gas plant and distribution system hereinbefore referred to, are of similar character."

So the proposition of law to be decided is whether or not a Tampa electric utility having operations being carried on in Plant City must consent to the establishment by Plant City of a gas plant of the character, and for the mu-

nicipal purposes, hereinbefore described, in order to avoid the restrictive provisions of the statutory proviso hereinabove quoted.

That such statutory restriction would be applicable to a proposed new Plant City eelctric utility there can be no doubt. But is a gas plant a "system, work, project or utility *of a similar character*" to a co-existing electric utility, within the purview of the statutory provision requiring the consent of the competing utility to be secured where it is sought to establish new utilities under Chapters 17118 and 17119, *supra,* in territory already served by existing utilities?

We think the Chancellor properly answered the last stated question in the negative under the circumstances shown by the record in this case. Here, although there is an existing electric utility which is available to supply *electrical* heat, light and energy to some, or perhaps all, of the proposed customers of the proposed gas plant and to that extent serve the needs of the community for heat, light and energy, yet it is a matter of common knowledge that gas and electric utilities are in no sense utilities of a *similar* character when considered as competitors of each other in the same territory, because the use of both electricity and gas in the ·same business or household is a common practice—one being used for one purpose, the other for another, and neither occupying the same field of consumer need.

The restriction of the statute was designed to avoid the wastefulness of encouraging duplicate capital investments for competing utilities that could not likely be operated without financially jeopardizing each other's operating revenues if erected in the same consumer territory.

No such situation is made to appear in this case. Hence the statute does not forbid the institution of a gas plant in

Plant City to serve the same consumer territory that is now being served by an elecric utility operating from Tampa, some twenty miles removed. Under the circumstances shown, the proposed gas plant is not a utility of a "similar character" to the existing electric plant, within the purview of the restrictions set forth in Chapter 17118 as amended by Chapter 17119, Acts 1935.

It therefore is considered, adjudged and decreed by this Court that the validation decree of the Circuit Court of Hillsborough County, in manner and form as entered and appealed from be, and the same is hereby affirmed, and that mandate in conformity with this judgment do issue within ten days as provided for by sections 5108 C. G. L., 3298 R. G. S., Chapter 11854, Acts 1927, if no petition for rehearing has been filed within that period.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.