STATE v. CITY OF DELAND.

185 So. 343.
Division A.
Opinion Filed December 15, 1938.

*Murray Sams,* State Attorney, for Appellant;
*Neill S. Jackson,* for Appellee.

TERRELL, C. J.—This appeal is from a final decree validating forty-four Water Works System Revenue Certificates of the City of DeLand in Volusia County, Florida,

said certificates being in denominations of One Thousand Dollars each, dated October 1, 1938, bearing interest at four per cent, interest payable semi-annually.

In a stipulation signed by the State Attorney on behalf of the State of Florida, the Mayor of the City of DeLand and the Attorney for said City, it is agreed that certain replacements, repairs, accessories, extensions, and additions are necessary to the Water Works System of the City of DeLand, that said improvements are to be paid for with said Water Works System Revenue Certificates which are in turn to be redeemed solely from revenues derived from the operation of said Water Works System, that the City of DeLand is fully authorized by its charter, the laws and Constitution of the State of Florida, to make said improve- ments and to issue said certificates payable solely from the revenue derived from the operation of its existing Water Works System, that said certificates are not bonds within the meaning of Sections Fifty-one and Fifty-two of Chap- ter 11466, Acts of 1925, Laws of Florida, same being the City Charter of the City of DeLand, that the said City owns its Water Works System in its proprietary capacity and that said additions, replacements, improvements, and extensions, have been ascertained, determined, and declared by the governing authority of the City of DeLand to be necessary and desirable to meet imperative needs and to conserve the health and economic security of the City and that said Water Works System Revenue Certificates do not require an approving vote of the freeholders as required by Section Six of Article Nine of the Constitution of Flor- ida prior to their issuance.

It is further stipulated that the City of DeLand will be able to raise funds sufficient to pay principal and interest on the Water Works System Revenue Certificates from the unpledged revenues received by it from the operation

of its Water Works System in addition to paying the cost of operation, maintenance, and repairs thereof and that the issuance of said Water Works Revenue Certificates is not an attempt on the part of the City to pledge the payment of funds in excess of its revenues, and that the questions raised on this appeal have been settled and concluded by former decisions of this Court treating like situations.

. The record has been examined and found to be in all respects regular. The petition to validate was filed as required by law. Order to show cause was entered, notice to taxpayers, and proof of publication was shown to have been made. Answer was filed and on the issue thus made, the final decree from which this appeal was prosecuted was entered. Every material fact stipulated by the parties through their counsel is revealed by the record.

It is accordingly the judgment of this Court that the final decree appealed from was correct and is supported by the following decisions of this Court: Patton v. Panama City, et al., 125 Fla. 140, 169 So. 638; Teachy v. City of Wauchula, 125 Fla. 150, 169 So. 640; Vorhees v. City of Moore Haven, 125 Fla. 149, 169 So. 641; May Land Co. v. City of Ft. Lauderdale, 125 Fla. 146, 169 So. 642; State, ex rel. City of Sarasota v. Richards, 125 Fla. 145, 169 So. 643; Taylor v. City of Miami, 125 Fla. 144, 169 So. 644; Boynton v. City of Safety Harbor, 125 Fla. 143, 169 So. 644; Pentecost v. City of Ft. Myers, 125 Fla. 152, 169 So. 645; Airth v. City of Live Oak, 125 Fla. 155, 169 So. 646; City of Clearwater v. Green, 125 Fla. 157, 169 So. 647; State v. City of St. Augustine, 125 Fla. 173, 169 So. 648; State v. City of Ft. Pierce, 126 Fla. 184, 170 So. 742; Brooks v. City of Jacksonville, 127 Fla. 564, 173 So. 365; State v. City of Hollywood, 131 Fla. 584, 179 So. 721; State v. City of Miami, 113 Fla. 280, 152 So. 6; State v. City of Lake City, 116 Fla. 10, 156 So. 924; State v. City of Day-

tona Beach, 118 Fla. 29, 158 So. 300; Herbert v. City of Daytona Beach, 121 Fla. 212, 163 So. 566; Boykin v. Town of River Junction, 121 Fla. 902, 164 So. 558; Leon County v. State, 122 Fla. 505, 165 So. 666; Board of County Commissioners of Pinellas County v. Herrick, 123 Fla. 619, 167 So. 386; Hopkins v. Baldwin, 123 Fla. 649, 167 So. 677; State v. City of Clearwater, 124 Fla. 354, 168 So. 546; Wilson and State v. City of Bartow, 124 Fla. 356, 168 So. 545; State v. City of Punta Gorda, 124 Fla. 512, 168 So 835; Kathleen Citrus Land Co. v. City of Lakeland, 124 Fla. 659, 169 So. 356; Hygema v. City of Sebring, 124, Fla. 683, 169 So. 366; Boykin v. Town of River Junction, 124 Fla. 827, 169 So. 492; Williams v. Town of Dunnellon, 125 Fla. 114, 169 So. 631; State, ex rel. City of Vero Beach, v. McConnell, 125 Fla. 251, 169 So. 628; Roach v. City of Tampa, 125 Fla. 62, 169 So. 627; State, ex rel. City of Arcadia, v. Daniel, 125 Fla. 151, 169 So. 645; Blocker v. City of St. Petersburg, 125 Fla. 156, 169 So. 647; City of Clearwater v. Green, 125 Fla. 157, 169 So. 647; State v. Plant City, 127 Fla. 495, 173 So. 363; State v. City of Pensacola, filed November 29, 1938.

It is therefore affirmed.

Affirmed.

BUFORD, and THOMAS, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.