## CITY OF PANAMA CITY v. STATE.

185 So. 452.
Opinion Filed December 29, 1938.

*John H. Carter, Jr.*, State Attorney, for Appellant;

*J. M. and H. P. Sapp*, for Appellee.

TERRELL, C. J.—In November, 1938, the City of Panama City in Bay County adopted an ordinance providing for the issuance of $40,000 in Water Revenue Certificates

for the construction of additions and improvements to its waterworks system, said water revenue certificates to be payable solely from revenue derived from services furnished by said waterworks system and to be issued without an approving vote of the taxpayers as contemplated by Section 6 of Article IX of the Constitution.

The ordinance was predicated on a finding of fact that the City of Panama City was the owner and operator of its waterworks system which had for years paid a net income over operating expenses, that the additions and improvements proposed are essential and necessary, that the present waterworks system is inadequate for the present needs of the City, that the City is authorized to issue said certificates and that the net income from said waterworks system is sufficient to pay said revenue certificates as they mature in addition to other certificates now outstanding including operating and other expenses.

Promptly after the adoption of the ordinance as herein referred to, the City filed its petition in the Circuit Court to validate said water revenue certificates. Rule to show cause and notice to taxpayers was duly given and published as the law requires. Proof of such service and notice, including an answer to the petition to validate, were filed and on final hearing the Chancellor validated the certificates. The instant appeal was from the validating decree.

It is contended that the validating decree should be reversed because the City was without power to issue the certificates and that if it in fact had such power, the said certificates were bonds that could be issued only after an approving vote of the taxpayers as contemplated by Section 6 of Article IX of the Constitution.

The power of the City of Panama City to issue such certificates appears to have been settled in the affirmative in Patton v. Panama City, *et al.*, 125 Fla. 140, 169 So. 638. At any rate, we have examined Chapter 11678, Acts of

1925, and other applicable provisions of the law and find ample authority for the City to issue the certificates.

The certificates are not bonds or other obligations requiring an approving vote of the taxpayers as contemplated by Section 6 of Article IX of the Constitution and since they are to be paid from revenues derived from the waterworks system, the city, as a taxing unit, is not bound for them in any way. It is shown that the net revenues derived from the water works system are sufficient to redeem said certificates as they mature in addition to other certificates now outstanding including operating expenses.

The judgment below is therefore affirmed on authority of McGoon v. Town of Miami Springs and cases cited therein, decided December 16, 1938.

Affirmed.

WHITFIELD, BROWN, BUFORD, and CHAPMAN, J. J., concur.