STATE OF FLORIDA AND THE TAXPAYERS, PROPERTY OWNERS AND CITIZENS OF THE CITY OF DAYTONA BEACH, INCLUDING NON-RESIDENTS OWNING PROPERTY OR SUBJECT TO TAXATION THEREIN, v. THE CITY OF DAYTONA BEACH, FLORIDA.

34 So. (2nd) 309
February 27, 1948

January Term, 1948
En Banc

*Murray Sams,* for appellants.

*Curtis H. Gardiner,* City Attorney, and *Mitchell & Pershing* (New York, N. Y.), for appellee.

TERRELL, J.:

This appeal is from a decree validating Water and Sewer Revenue Bonds, series of 1948, City of Daytona Beach, issued pursuant to Chapter 23240, Special Acts of 1945, better known as the Daytona Beach Sewer Revenue Bond Act. It is admitted that the bonds were issued in the manner and form provided by Ordinance No. 48-9, City of Daytona Beach, and their form is not challenged.

It is first contended that said bonds are void because they were issued without an approving vote of the free holders as required by Section 6, Article IX of the Constitution.

The question is concluded contrary to the contention of appellants in State v. City of Miami, 157 Fla. 726, 27 So. (2nd) 118, wherein we were confronted with a decree validating an issue of sewer revenue bonds to construct a sewer disposal system in the City of Miami. In the case at bar the bonds proposed are to be used for the construction of a sewer disposal system and a system of sanitary sewers sometimes

called sewer improvements, by which name they will hereafter be designated. They are to be paid solely from the revenues derived from the utility constructed with the bonds and they are in no way secured by a mortgage or lien on the utility or a pledge of the proceeds of taxes or special assessments by the City.

It is shown that a small portion of the proposed bonds are to be used for refunding some outstanding water revenue bonds of the City, but in no event are they secured directly or indirectly by mortgage or lien on the waterworks or the sewer system, nor can the sewer service charges by which they are retired become a lien on the properties they supply. This being the case, it is not necessary that they be approved by a vote of the freeholders as required by Section 6, Article IX of the Constitution. The fact that we are confronted here with bonds for the construction of sewer improvements and a sewer disposal system does not relieve them from the rule prescribed in State v. City of Miami previously cited.

Questions two and three charge that the collection and enforcement of rates, fees and charges for the use of sewer improvements, based upon the rates charged for water, as provided by ordinance No. 48-9, are unfair and inequitable and are in violation of Sections one and twelve, Declaration of Rights and Section 30, Article XVI, Constitution of Florida.

We do not think there is any merit to this contention. Sewer improvements and a sewer disposal system are complementary and we held in State v. City of Miami, heretofore cited, that the water discharged is a fair basis of charge for the use of the sanitary sewer system. Since sewer improvements and a sewer disposal system are complementary, it follows that if the amount of water used is a fair basis of charge for the use of the sewer disposal system, then it must be a fair basis of charge for the use of sewer improvements.

Appellants next contend that the sewer service charge is void because separate schedules were not adopted for the use of the sewer disposal system and the sewer improvements, and being so, they are unfair to those who have sanitary sewers already installed and paid for by special assessments.

The record discloses that the sanitary sewers alluded to were constructed with the proceeds of general obligation bonds of the City, for which all taxable properties in the area served by them are bound. It appears that these sewers are totally inadequate and were originally designed to empty into Halifax River instead of a sewer disposal plant, many of them have deteriorated to that extent that they are past repair, so if special assessments have been paid, benefits have likewise been received and the beneficiaries have been spared the expense of providing septic tanks. Enforcing the collection of the sewer service charges by discontinuing the water service to the property owners was approved in the Miami case and is authorized by the Daytona Beach Sewer Revenue Bond Act.

It is finally contended that Section 502 of ordinance No. 48-9 is violative of Section 12, Declaration of Rights, constitution of Florida, in that it requires the owner or occupant of each parcel of land abutting on a street served by the sewer improvements or the sewer disposal system, to connect their premises with the sewer improvements and to cease the use of any other methods for the disposal of sewage waste.

In the Miami case several times alluded to, we held that the reasonableness, vel non, of such ordinances depends largely on the local terrain and the means deemed essential to protect the health and morals of the City. The city may exercise all reasonable means to protect the health and morals of its people and is usually the sole judge of the means to be employed. When the city, as in this case, is authorized to adopt and enforce such ordinances their acts will be upheld unless shown to be arbitrary and unreasonable. City of Leeds v. Avram, 244 Ala. 427, 14 So. (2nd) 728; Nourse v. City of Russellville, 257 Ky. 525, 78 S.W. (2nd) 761; Hutchinson v. City of Valdosta, 227, U.S. 303, 33 Sup. Ct. 290, 57 L. ed. 520.

It follows that the City of Daytona Beach is clothed with ample power to issue the proposed Water and Sewer Revenue Bonds, series of 1948. The taxing power of the city is in no sense involved in their retirement, so the decree validating them must be and is hereby affirmed.

208

Affirmed.

THOMAS, C. J., BUFORD, CHAPMAN, ADAMS, SE-BRING and BARNS, JJ., concur.