PER CURIAM.
In July 1954 the City Commission of the City of De Land adopted an emergency ordinance authorizing the issuance of a fixed amount of water and sewer revenue certificates payable solely from revenues derived from the operation of the water and sewer systems in prescribed sums over a period of 25 years. July 20, 1954 petition was filed in the Circuit Court to validate said certificates and an order to show cause was entered and published as required by law. Proof of publication was filed in the office of the Clerk of the Circuit Court and service thereof was accepted by the State Attorney.
Qn the return day noted in the order to show cause, appellant moved for , and was permitted to intervene. He filed and answer and an amended answer. After several continuances a hearing was heid by the court, the city offered its evidence, but no evidence was offered by the intervener.. Argument was heard and a final decree was entered, validating the proposed water and sewer revenue certificates. A rehearing was denied and the intervener appealed.
Numerous questions are urged for our determination but most of them may be combined for - disposition. It is first contended that the Circuit Court did not have jurisdiction of the cause because the proceeding was not filed “in chancery”, that the order to show cause required the parties to.appear at a place other than the courthouse, and that the Clerk of the Circuit Court did not cause copy of the order to show cause to be published.
There is no merit to any of these contentions. Chapter 75, F.S. 1953, F.S.A., defines the procedure for validating bonds and certificates of indebtedness. It places jurisdiction in the “Circuit courts of this State”, F.S.A. § 75.01, and has no specification as to whether the proceeding should be brought “in law” or “in chancery.” It is further significant that Chapter 75 does not require the order to show to set the hearing at the courthouse but it may be held at any place designated in the circuit. The record shows that the order to show cause was published in the manner provided by law, that it gave the required notice of hearing and that it was duly filed and recorded in the office of the Clerk of the Circuit Court. After all is said, appellant was present at the hearing, took part in it but offered no evidence to support his contention. He is not in position to. complain.
It is next contended that the City of DeLand is without power under its charter or other legislative authority to issue water and sewer revenue certificates, payable solely from revenues derived from said facilities.
In our view, this contention is refuted by the city charter of De Land, Chapter 11466, Special Acts of 1925, Section 21 thereof. Sections 167.57 and 167.73 F.S.A. confer the same power, and in Section 51 of the city charter a like power is conferred when necessary to promote the public health and general welfare of the city. The ordinance providing for the issuance of the revenue certificates in question finds in .terms that the improvement in question is *586 necessary for the protection of the health, safety and welfare of the inhabitants of the city, that the combined water and sewer system be improved, skilled engineers and fiscal agents were employed by the city to make surveys and estimates and advise the city as to the feasibility, cost and necessity for the improvement. The ordinance and the proposed issue of revenue certificates were predicated on this information.
In State v. City of Miami, 157 Fla. 726, 27 So.2d 118, and State v. City of Daytona Beach, 160 Fla. 204, 34 So.2d 309, projects and proceedings very similar to those involved in this case were approved. We are also of the view that this and other phases of this case are foreclosed by State v. City of De Land, 135 Fla. 540, 185 So. 343, in Which we validated waterway revenue certificates under the identical charter provisions and statutes affecting the City of De Land, as in the present case. It is not suggested or contended that the obligation of the certificates is secured by a lien or mortgage on the property of the city or that its taxing power is pledged to pay them.
Appellant also contends that on account of one of the city commissioners being absent and not voting, his absence and failure to vote vitiated the ordinance. It is shown, however, that the other four commissioners were present and voted for it. That was all the city charter required and constituted unanimous consent to its passage, Atkins v. Phillips, 26 Fla. 281, 8 So. 429, 10 L.R.A. 158. It is further contended that there must be an express declaration of emergency if the ordinance is to take effect immediately. State ex rel. Swift v. Dillon, 75 Fla. 785, 79 So. 29, is a complete answer to this question. See also Glackman v. City of Miami Beach, Fla., 51 So.2d 294. There was no procedural defect in the enactment of the ordinance, the alleged delay in recording the minutes was likewise without merit, as was the contention that it was ineffective because it was not posted. We find nothifig in the city charter requiring that it be posted and in our view its title was ample. Other questions raised have been considered hut they are without merit.
It is accordingly our opinion that all proceedings taken by the City of De Land in connection with the proposed issue of water and sewer , revenue certificates were in compliance with the provisions of the city charter, and the laws of Florida, that the lower court had jurisdiction to adjudicate the issues raised, that he ruled correctly on them and that his final decree should be and is in all respects affirmed.
Affirmed.
ROBERTS, C J., and TERRELL, SE-BRING and MATHEWS, JJ., concur.