MINER, Judge.
The pivotal issue in this appeal is whether, under the facts of this case, the provisions of section 180.06, Florida Statutes, apply to the City of Jacksonville (City). We hold they do not and thus affirm the summary final judgment entered by the trial court in the City’s favor.
Appellant, Ortega Utilities Co., (Ortega), is a private utility company providing water distribution and waste water collection services within a specified area (certificated area) of Duval County. On October 14, 1987) appellee, City, published an invitation to bid for the construction of a sewage pump station, a sewage force main and a water transmission main to be located near, but outside, Ortega’s certificated area.
*1157 On November 6, 1987, Ortega filed a complaint seeking declaratory and injunc-tive relief against the City alleging that such planned construction constituted a violation of section 180.06, Florida Statutes, which provides, among other things, that a party wishing to construct such facilities must obtain the consent of any municipality or private company operating facilities of a similar character in the immediately adjacent area.
On December 30, 1987, the City and Wilma/Sky land Joint Venture, Ltd. executed an agreement whereby the City agreed to provide water distribution and waste water collection services to an area previously unserved by either the City or Ortega known as the Jacksonville International Tradeport Project. Thereafter, utility pipelines, lift stations and other works and projects were constructed pursuant to this agreement.
On September 26, 1988, after its initial complaint had survived a motion to dismiss by the City, Ortega filed a motion for summary judgment and, prior to a hearing on the motion, a stipulation of fact between the parties. Among other matters, the parties agreed that Ortega’s sewage capacity was insufficient to meet the needs of the development which the City intended to serve by the construction at issue and, further, that Ortega had no plans to expand its capacity or seek to enlarge its certificated area. On the other hand, it was agreed that the City had the capacity to treat 10,000,000 gallons of sewage per day and was then using only twenty-five percent of that capacity.
At the hearing on Ortega’s summary judgment motion, the City moved ore tenus for summary judgment. In its order granting the City’s motion, the trial court found:
Ortega is a very small utility operating nearly at the limit of its capacity with no evidence of being able to provide services to the areas in question. From the court’s review of the facts, it appears these projects would require a regional water system or a significant system of its own to satisfy its mammoth needs. The needs of this project require a significant utility system. The City is the only system capable to serve and there is no other utility in the distant area of similar capability or character as possessed by the City which is required by this vast project (Duval and Wilma).
From an order denying Ortega’s motion for rehearing, the instant appeal was taken.
The statutory section in question authorizes municipalities and private companies that operate waste and sewage systems to construct pumping stations pipelines and other facilities incidental to their function. It further provides:
However, a private company or municipality shall not construct any system, work, project or utility authorized to be constructed hereunder in the event that a system, work, project or utility of a similar character is being actually operated by a municipality or private company in the municipality or territory immediately adjacent thereto, unless such municipality or private company consents to such construction.
Ortega urges that the trial court erred in granting the City’s motion for summary judgment based upon erroneous findings that the City’s construction was not “immediately adjacent” to appellants’ operations and that the utilities operated by the parties were not of similar character. The City argues not only that the trial court was correct in its findings but further that section 180.06, Florida Statutes cannot be used to limit the broad powers granted municipalities to provide water and sewer service. To this latter argument, Ortega points out that the City does not have the power to ignore an otherwise applicable statute.
In analyzing the arguments of the parties, we find that we need not address whether the City’s construction was “immediately adjacent” to the services provided by Ortega or whether the two services were of “similar character”. The City is correct in asserting that section 180.06, Florida Statutes, should not be applied to prohibit the construction in question. We so conclude not because of the City’s au *1158 thority to provide such services but rather because the statute does not prohibit construction of these services in previously unserved areas.
In State v. Plant City, 127 Fla. 495, 173 So. 363 (1937) the supreme court defined the purpose of the statutory predecessor of section 180.06, Florida Statutes, as follows:
The restriction of the statute was designed to avoid the wastefulness of encouraging duplicate capital investments for competing utilities that could not likely be operated without financially jeopardizing each other’s operating revenues if erected in the same consumer territory-
Id. 173 So. at 364. The briefs of the parties explore at considerable length what is meant by the term “immediately adjacent”. As we view the matter, however, the confusion in section 180.06 is not in the definition of that term but rather in that phrase’s referent, i.e., what are the objects or territories that must be immediately adjacent to one another so that consent is necessary? The fundamental question presented, then, is immediately adjacent to what?
While the statute is not a monument to clarity and draftsmanship, in light of the above supreme court definition of purpose, we interpret it only to prohibit direct encroachment by one utility provider into an operating area already served by another. Any other interpretation would not seem to comport with logic or reason. Under our interpretation, there would be no duplicate capital investment within the same consumer territory. Rather, the City would merely extend utilities service to a previously unserved area. Moreover, it would be anomalous in the extreme to interpret section 180.06 to require the City to obtain Ortega’s consent to serve the unserved when Ortega has neither the capacity nor any future plans to provide such services.
Accordingly, the summary judgment appealed from is herewith affirmed.
SMITH and ZEHMER, JJ„ concur.