STATE, ex rel. City of Daytona Beach, v. E. H. ARMSTRONG, as Mayor-Commissioner

151 So. 535-6.

En Banc.

Opinions Filed June 30 and Nov. 28, 1933.

Petition for Rehearing Denied December 29, 1933

*Horace D. Riegle,* for Relator;

*Leon J. C. Horton* and *Millard B. Conklin,* for Respondent.

DAVIS, C. J.—By a proceeding in mandamus brought by the municipality of Daytona Beach against the respondent, E. H. Armstrong, its mayor-commissioner, the City seeks to compel its mayor-commissioner to affix his signature as such officer to certain described municipal refunding bonds in the custody and possession of the City Clerk, and awaiting negotiation on behalf of the municipality.

The alternative writ alleges that the City of Daytona Beach is a duly incorporated and existing municipality; that under Chapter 15151, Special Acts of 1931, laws of Florida, certain refunding bonds were authorized to be issued by the City; that pursuant to said Act that the city commission had voted to refund certain obligations of Daytona Beach, described in the alternative writ, and that said refunding bonds had been duly validated by judicial proceedings taken and had according to law; that thereafter said bonds had been printed and signed by all proper of-

ficials of the City, except the respondent mayor-commissioner, and were in the custody of the city clerk awaiting the latter's signature; that the respondent mayor-commissioner refused to sign the refunding bonds because he considered the refunding program unwise, although signing the bonds was a ministerial duty imposed upon him by the law as to the performance of which he had no option but to sign as the statute contemplated.

It is well settled that a ministerial duty of the mayor or other chief executive officer of a municipal corporation, where a clear legal duty to act exists, may be enforced by mandamus brought against him in the name of the municipality affected, as well as by the Attorney General as representative of the people of the State. 18 R. C. L. par. 272, page 324; 39 C. J., par. 538; page 836; State *ex rel.* Village of Chisholm v. Trask, 155 Minn. 213, 193 N. W. 121; City of Independence v. Turner, 114 Kan. 731, 220 Pac. 195; City of Venice v. Lawrence, 24 Cal. App. 350, 141 Pac. 406.

The city charter of Daytona Beach (Chapter 10466, Special Acts 1925, Laws of Florida; provides that the mayor-commissioner of the City shall preside at all meetings of the commission and perform such other duties consistent with his office as may be imposed by it. The charter also provides that while the mayor-commissioner shall have a voice and vote in the proceedings of the commission, that he shall have no veto power concerning its official acts. It is also provided that the mayor-commissioner "may use the title of mayor" in any case in which the "execution of legal instruments of writing" so require.

Section 3 of Chapter 15151, *supra,* provides that the authorized refunding bonds when issued, shall be "executed in such manner and be in such form" as the City Commission may by resolution require. In this case, it appears that the

resolution of the City Commission required the signature of the mayor-commissioner as a means of authentication of the bonds when issued. So it is the subject of the present proceeding to compel by mandamus the mayor-commissioner to comply with the terms of the Commission's resolution fixing the manner of "execution" of the bonds.

Whether the refunding bond issue is wise or unwise, is a matter with which the respondent, as mayor-commissioner of the City of Daytona Beach is not concerned in a legal sense, because he is by the charter of the City expressly deprived of any veto over the actions of the City Commission in which he is given a vote and a voice, but no power of control. Responsibility for the wisdom and policy of the refunding plan is not upon the mayor-commissioner who in signing the bonds, is not thereby approving them but merely carrying out the purpose and intent of the law and the resolution of the Commission passed pursuant to it, to have bonds, when issued by the City, properly and legally authenticated by the City's official head.

Nor can we sustain the contention that the respondent has any discretion in the matter which he can exercise by refusing to assume and use the title of mayor, as authorized by Section 36 of the Charter. The language of that section to the effect that respondent as mayor-commissioner *"may use the title of mayor in any case, etc."* is not the vestiture of any discretion in the respondent to refuse to perform the duties which naturally devolve upon the mayor-commissioner because of the nature of his office as head of the City. It is merely a manner of saying that in executing papers required by general law or other necessity to be executed, the mayor-commissioner may sign the same simply as "mayor" without more. The clause of the statute in question relates to the *manner* in which papers be signed, not to

any discretion to entirely refuse to sign papers, such as municipal bonds, which are otherwise legally voted and authorized by the commission, and validated by the courts.

The return of the respondent presents no lawful excuse for his failure to sign the bonds described in the command of the alternative writ, wherefore a peremptory writ will issue on relator's motion therefor.

Peremptory writ ordered.

WHITFIELD, ELLIS, TERRELL, BROWN, and BUFORD, J. J., concur.

PER CURIAM.—Since the proceedings referred to in the foregoing opinion of this Court filed in this case on June 30, 1933, the relator has been given leave to amend, and has amended, its alternative writ of mandamus by eliminating from the scope of the writ certain bonds that have been paid by the city since this case was brought. In response to the amended alternative writ, the respondent Armstrong has filed a return setting up certain facts upon which he relies to defeat award of a peremptory writ requiring him, as mayor-commissioner of the City of Daytona Beach, to affix his signature on the bonds described in the alternative writ of mandamus, as amended. Relator has moved for a peremptory writ. Respondent, in addition to his answer, has filed his motion to quash the alternative writ.

The law of this case as to the duty of the mayor-commissioner of Daytona Beach in the premises has been settled in this Court's previous opinion filed June 30, 1933.

But it is set up in the answer, and argued on behalf of respondent, that notwithstanding his duty under the law to do so, that the mayor-commissioner of Daytona Beach should not be required to perform that duty because of certain surrounding circumstances which may be summarized as follows: (1) that the bonds sought to be signed are not

in the form required by the alternative writ in that the bonds have been signed by Horace D. Reigle, as City Attorney, instead of Thomas N. Tappy according to the form of bonds as adopted; (2) that no injury or injustice will be caused to relator if the mayor-commissioner continues his refusal to sign; (3) that the act of signing, if performed, would prove nugatory, unavailing and productive of no benefit to the city or citizens of Daytona Beach; (4) that the issuance of refunding bonds by the City would cause grave injustice and occasion great injury to the City; (5) that this Court should exercise its discretion to refuse a peremptory writ on the ground that refusal of the writ will be for the general public interest and common welfare of the citizens, taxpayers and inhabitants of Daytona Beach.

Unfortunately for respondent's position, that which is for the best interest and welfare of the City with regard to the subject of refunding the City's debts, is not committed to this Court to determine as a question of law, but is made solely and exclusively a question of policy whose decision is expressly placed by the city charter with the prerogative of the duly elected, authorized and acting city commissioners, of whose number respondent is but one of the members.

The decision of the city commissioners, as the controlling authority of the City of Daytona Beach, to proceed with a refunding program, despite the mayor-commissioner's disapproval of such a course is controlling. And the Courts have no power to interfere with the exercise of such power when admittedly conferred, except in cases of fraud, or in cases of such gross abuse of the power as to amount to an excess exercise of the authority vested.

No doubt the mayor-commissioner is actuated by the highest and most patriotic of motives in opposing to the utmost of his ability any attempt to accomplish a refunding of the City's debts. But in the face of the law as it is

written, and as this Court must apply it, his opposition must yield to the superior force of the statute which requires the mayor-commissioner of Daytona Beach to sign the refunding bonds in question, not as an evidence of his approval of their being issued, but simply to authenticate them as official documents executed on behalf of the City, pursuant to the judgment of a majority of the members of the city commission of Daytona Beach.

The motion to quash the amended alternative writ is overruled, the return of respondent is held insuffiicient, and the motion for a peremptory writ of mandamus in the tenor of the amended alternative writ, is granted. Judgment accordingly.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN, and BUFORD, J. J., concur.