STATE, *ex rel.* CITY OF VERO BEACH, v. A. C. MacCONNELL, as City Clerk of City of Vero Beach.

(Case No. 1—Water Supply System.)

169 So. 628:
Opinion Filed August 3, 1936.
Rehearing Denied September 8, 1936.

*Vocelle & Mitchell,* for Relator;

*Ben C. Willis* and *Charles H. Spitz,* for Respondent.

BUFORD, J.—This is an original proceeding in mandamus to compel the City Clerk of Vero Beach as such officer in his said capacity as City Clerk of Vero Beach, a municipal corporation, to attest each and all of certain water revenue certificates, described in the alternative writ of mandamus of said city dated December 1, 1935, each of the denomination of $500.00 and numbered 1 to 20, by affixing to each of said water revenue certificates his signature in his said capacity of City Clerk of the City of Vero Beach and by affixing to each of said water revenue certificates the corporate seal of the said City of Vero Beach.

To the alternative writ of mandamus there was filed a motion to quash. The motion to quash challenges the authority of the City of Vero Beach to make the improvements and additions contemplated.

It challenges the existence of the necessity for the improvements contemplated.

It challenges the sufficiency of the allegation concerning the annual net revenue which has been derived from the municipal water supply system of the City of Vero Beach.

It alleges that the plan for financing such additional improvements by the issuance of water revenue certificates as contemplated creates a direct or indirect or contingent pledge of the taxing power of the municipality.

It alleges that the water revenue certificates as described in the alternative writ are bonds within the meaning of amended Section 6 of Article IX of the Constitution and,

therefore, can not be issued until such revenue certificates shall have been approved by a majority of the votes cast in an election in which a majority of the freeholders were qualified electors residing in the City of Vero Beach shall participate.

It alleges that the revenue certificates are bonds and are, therefore, subject to any limitation of the amount of percentage of bonds that may be issued in proportion to or in relation to the assessed valuation of the property of the municipality.

It challenges the sufficiency of the allegation of ownership at this time of the municipal water supply system.

It challenges the sufficiency of the allegations showing compliance with all constitutional and statutory provisions relating to the issuance of such certificates.

It challenges the legality of the certificates because it is not shown that the provisions of Chapter 14,439, Special Acts of 1929, being the Charter Act of Vero Beach and having reference to the issuance of bonds by said city, have been complied with.

The alternative writ shows that the proposed certificates have been validated by a decree of validation entered March 14, 1936, in the Circuit Court of the Ninth Judicial Circuit of Florida, in which Circuit the City of Vero Beach is situated. A certified copy of the decree of validation is attached.

In State v. Haskell, 72 Fla. 176, 72 Sou. 651, we held:

"The power which the court exercises by the writ of mandamus to compel a public officer to correctly perform the ministerial duties pertaining to his office and which by law he is required to perform is independent of the statute; it rests in the sovereign power of the state, and is confided to the judicial branch of the government."

It has also been held:

"In mandamus proceedings against a public officer involving the performance of official duty nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform." State v. State Board, etc., 84 Fla. 592, 94 Sou. 681; 30 A. L. R. 362; State v. Johnson, 102 Fla. 19, 135 Sou. 816.

In State, *ex rel.* Baas v. McKinnon, 68 Fla. 548, 67 Sou. 77, we held:

"A County Superintendent of Public Instruction may by mandamus be required to countersign a warrant duly ordered and issued by the County Board of Public Instruction in a proper account for the earned salary of a teacher, being a proper purpose, and there is no fraud or abuse of authority in the action of the Board."

In State v. Armstrong, 111 Fla. 261, 151 Sou. 535, we held:

"Ministerial duty of municipality's Chief Executive Officer where clear legal duty to act exists, may be enforced by mandamus brought against him in name of the municipality as well as by Attorney General as representative of the people of the State."

On authority of the opinions and judgments in the cases above cited, we hold that when it is made to appear that it is the clear legal duty of the clerk of a municipality in his capacity as such to countersign such certificates as are here under consideration that the writ of mandamus is available to compel the proper countersigning by such Clerk of such certificates, but, before he can be compelled to countersign such certificates, it must be shown that the certificates are lawfully authorized and will become and be valid and binding obligations when so countersigned by such city clerk.

All of the legal questions presented by the pleadings in this case were presented to us and determined in the case of E. H. Boykin v. Town of River Junction, opinion filed July 17, 1936, and also in the case of E. L. Williams v. Town of Dunnellon, *et al.*, opinion filed this Term of the Court, and on authority of the opinions and judgments in those cases, we hold that the water revenue certificates involved in this case are shown upon the face of the record here to be legally authorized and issued by the City of Vero Beach and it, therefore, became and is the duty of the Clerk of the City of Vero Beach to countersign the same and to affix thereto the corporate seal of the City of Vero Beach.

It follows that motion to quash should be denied and respondent refusing to plead further, peremptory writ of mandamus should issue.

WHITFIELD, C. J., and TERRELL and BROWN, J. J., concur.

ELLIS, P. J., and DAVIS, J., concur specially.

ELLIS, P. J. (concurring specially).—There should be added to the opinion words conveying the idea that it affirmatively appears that the City of Vero Beach is in nowise obligated directly or indirectly to exercise the sovereign power of taxation to provide a fund to redeem the certificates.

The point should also be saved that in fixing the utility rate for the use of the commodity the city shall not be authorized to impose a larger rate than that which was in force at the time of the issuing of the certificates, or one commensurate with the rate then in force, otherwise an opportunity would be presented to city officials who seek to circumvent the provisions of Amended Section 6 of Art. IX to impose an excessive rate for the use of the commodity that would force the citizens to conform to that rate or abandon the use of the utility which in view of the health

and convenience to the entire community involved may operate as a coercive force upon the city to exercise its sovereign power of taxation to meet the debt incurred by the certificates.   See Kathleen Citrus Land Co. v. City of Lakeland, filed June 13, 1936.

WHITFIELD, C. J., and TERRELL, J. J., concur.

## ON PETITION FOR REHEARING

PER CURIAM.—Nothing in the opinion of the Court in this case should be construed as a holding that the covenant of the City of Vero Beach to fix and maintain rates and collect charges for the facilities and services afforded by the utility adequate to provide revenues sufficient at all times to pay the cost of operation, maintenance and repairs of the system and to *maintain* the pledged fund set up as security for the payment of the revenue certificates, with interest thereon, as provided in the city's ordinance involved in the revenue certificate proceedings, is not a valid and binding covenant.   On the contrary the holding of the court is that such covenant is a binding and valid covenant, and one that may be enforced by the holder or holders of certificates in appropriate judicial proceedings, when it is shown, as it has been in this case, that the municipality has been receiving revenues from an existing utility which if maintained by an adequate rate structure for the future life of the revenue certificates, will be sufficient to provide funds for the operation, maintenance and repair of the utility as extended, and will in addition provide the necessary additional funds that may have been anticipated and pledged for the payment of the revenue obligations payable out of future earnings to be derived from the utility against which same are issued.

But a municipality, in attempting to issue special fund

utility revenue certificates on the basis of an anticipation of future utility earnings, absent the approving vote of a majority of the freeholder electors as required by amended Section 6 of Article IX of the Constitution, can not make a valid and binding covenant, nor enter into any other effectual or enforceable contractual obligation, for the borrowing of moneys by an anticipation of revenues to be realized in the future, in excess of revenues that have been received, and which may reasonably be expected to be received, from the revenue producing capacity of the utility as repaired, improved, enlarged or extended, through a maintenance of its existing rate structure, or one commensurate therewith, as of the date of the issuance of such revenue certificates.

In other words, a municipality obligor undertaking to issue special fund utility revenue certificates payable solely out of future utility earnings and nothing else, as a special fund *pledged* specifically for that sole purpose, and without a vote of freeholders under amended Section 6 of Article IX, *supra*, may not make a valid and enforceable *pledge* of its rate making powers as a means of raising a fund to repay the special fund revenue certificates out of future earnings of the utility, except upon the basis of its present earnings calculated on the basis of its existing rate structure, or its equivalent in reasonable rates as provided in Section 11 of Chapter 17176, Acts 1935, as applied to the utility for the anticipated earning period during which the funds are to be realized to retire the certificates including the reasonable anticipating of the earning power of the utility as repaired, extended, enlarged or improved. This is not to say that the rate structure may not be changed in accordance with legislative powers lawfully conferred on the municipal obligor. The prohibition is against the pledg-

ing of a rate making power to be exercised in the future in excess of the general revenue producing power being exercised at the time revenue certificates are issued, and upon the basis of an anticipation of which for the life of the certificates, the certificates themselves are presumptively to be issued.

The opinion in this and companion cases involving the proposition hereinbefore discussed is to be deemed supplemented and explained by the foregoing and upon that basis the petition for rehearing denied.

Rehearing denied.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.