MAY LAND COMPANY v. CITY OF FORT LAUDERDALE, *et al.*

169 So. 642.
Opinion Filed August 3, 1936.

*J. A. Lathero,* for Appellant;

*George W. English, Jr.,* for Appellee.

PER CURIAM.—This is an appeal from a decree dismissing a bill of complaint seeking to enjoin the issue of $23,000.00 of Waterworks Revenue Certificates by the City of Fort Lauderdale, Florida, for the purpose of making improvements to the waterworks system of the city without an approving vote of the freeholder electors of the city as required by Section 6, Article IX, of the Constitution of Florida, as amended in 1930.

An injunction is sought notwithstanding the allegation that the certificates have been validated by judicial decree. See Williams v. Town of Dunnellon, decided at this term; Weinberger v. Beard, 93 Fla. 470, 112 So. 253; Boykin v. Town of River Junction, filed this term.

In addition to allegations that the proposed "Waterworks Revenue Certificates" violate amended Section 6, Article IX, Constitution, the bill of complaint, referring to a prior validating decree, contains the following:

"That the said City of Fort Lauderdale on the ........ day of February, 1936, filed in the Circuit Court of the 15th Judicial Circuit of the State of Florida in and for Broward County, a petition for the validation of the waterworks revenue certificate hereinbefore referred to that said cause

is chancery case 7337, reference to which is hereby expressly made as often as the same may be necessary; that in and by said proceedings the said City of Fort Lauderdale attempted to validate said waterworks certificate, and plaintiff alleges that the court in entering its decree did so without authority, in that proper notice had not been given to the taxpayers of the City of Fort Lauderdale as required by law, that the notice to taxpayers was published in the Fort Lauderdale Daily News, a newspaper of general circulation in Broward County, Florida, on the following dates: February 21, 28, March 5, and 12, all in 1936.

"Plaintiff alleges that the publication of the notice to the taxpayers of said city is not in compliance with law, and consequently the decree entered in said cause is void and of no effect."

It is not made to appear by such quoted allegations that the Circuit Court entered its validating decree "without authority, in that proper notice had not been given to the taxpayers of the City of Fort Lauderdale, as required by law"; and it is not shown that the said validating decree "is void and of no effect."

As the Waterworks Revenue Certificates proposed to be issued in this case are for the purpose of improving an existing waterworks system that is immediately essential to the health and economic security of the city, and as the certificates are to be paid solely from the receipts from the operation of the waterworks system, the decree dismissing the bill seeking an injunction against the issue of the waterworks revenue certificates should, as to their validity under Section 6, Article IX, Constitution, be affirmed on the authority of State, *ex rel.,* v. City of Miami, 113 Fla. 280, 152 So. 6, and other like cases. See also Williams v. Town of Dunnellon, decided at this term.

Affirmed.

WHITFIELD, C. J., TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, P. J., concurs upon the principle announced in his specially concurring opinion in the case of State, *ex rel.* City of Vero Beach, v. MacConnell, this day filed.