STATE v. TOWN OF RIVER JUNCTION

169 So. 676.
Opinion Filed September 11, 1936.

O. C. *Parker, Jr.,* State Attorney, for Appellant;
E. S. *Blake* and *H. M. Taylor,* for Appellee.

BUFORD, J.—This is the second appearance of the subject matter of the suit in which this appeal is taken to this court. See Boykin v. Town of River Junction, 121 Fla. 902, 164 Sou. 558. In our opinion in that case prepared by Mr. Justice DAVIS we said:

"We, therefore, hold on this appeal that the challenged financial arrangement and proposal of the Town of River Junction adopted in accordance with Chapter 17118, Acts 1935, Laws of Florida, as hereinbefore described in its resolution as quoted in this opinion, is and will be violative of amended Section 6 of Article 9 of the Constitution of Florida unless and until same shall first be submitted to and duly approved by a majority of the votes cast in an election duly called and held in said Town of River Junction in which a majority of the freeholders who are qualified electors residing in such municipality shall participate."

After the mandate went down the Town of River Junction proceeded to call and hold an election to determine whether or not the certificates involved should be issued.

The appellant presents five questions for our determination, stated as follows:

1. "Is Chapter 17,118, Laws of Florida, Acts of 1935, constitutional and valid?"

2. "Is the Town of River Junction within the purview of Chapter 17,118, Laws of Florida, Acts of 1935?"

3. "Are charter limitations relative to the issuance of bonds, applicable to the issuance of Mortgage Revenue Certificates proposed to be issued under the terms of Chapter 17118, Laws of Florida, Acts of 1935?"

4. "Are the proceedings shown by the record to have been had sufficient under Chapter 17118, Laws of Florida, Acts of 1935, to create a mortgage lien upon the utilities of the Town of River Junction therein described?"

5. "Has the Town of River Junction, under Chapter 17,118, Laws of Florida, Acts of 1935, authority to combine a proposed sewerage system and its present water supply system and issue mortgage revenue certificates against the combined utility to finance the cost of construc-

tion of the sewerage system and of improvements and additions to the water supply system?"

The lower court answered the 1st, 2nd, 4th, and 5th questions in the affirmative and the 3rd question in the negative.

The election involved here was called and held under Chapter 14,715, Acts of 1931, and the record shows that a large majority of the electors qualified to vote in such election voted therein and that of those voting about 90% voted in favor of the issuance of the certificates.

The appellant has not pointed out any provision of the organic law which is violated by the provisions of Chapter 17118, Acts of 1935, as applied to the subject matter now before us. The provisions of Chapter 17118, *supra,* when sought to be applied to such obligations as those here under consideration and as those which we had under consideration in the case of Boykin v. Town of River Junction, *supra,* must be applied in accordance with the provisions of amended Section 6 of Article IX of the Constitution and the election required must be held under the provisions of Chapter 14,715, Acts of 1931, and as to such obligations such an election as is provided for in Section 5 of Chapter 17,118 will not suffice.

The record here shows that the election was held in such a manner as to meet the terms of the law. This holding does not destroy the scope of the provisions of Section 5 of Chapter 17118, but it means that such an election as is therein provided for may be held in cases where the governing authority of a city wishes to issue obligaitons which will not constitute bonds or in anywise general obligations of the city, but before doing so wishes to have an expression from the qualified electors of the municipality as to the advisability of so doing.

The next contention made by appellant is that the Town

of River Junction does not come within the purview of Chapter 17118, *supra,* because it is not a city or a village. We hold that the contention is untenable because the record shows that there are more than 300 registered voters in the Town of River Junction and while the charter act provides for the creation of "a municipality to be known as the Town of River Junction," Section 1826 R. G. S., 2936 C. G. L., provides as follows:

"Whenever any municipal government is established and it shall appear that there are three hundred registered voters within the limits hereby to be designated, it shall be and the same is hereby incorporated, and designated as a city entitled to the privileges of a city."

The Legislature by Chapter 9060, Acts of 1921, created a municipality and gave it the name of "Town of River Junction." The word "Town" is a part of the name of the municipality and does not prevent the application of the general law hereinabove quoted.

The third question presents the question as to whether or not the provisions of Section 5 of Chapter 17118, supersedes the charter provisions of the municipality with regard to the limitation of bonded indebtedness. Section 5 of the Act provides:

"Any municipality which acquires, constructs or extends any of the public utilities authorized by this Act and desires to raise money for such purpose, may issue mortgage revenue certificates or debentures therefor without regard to the limitations of municipal indebtedness as prescribed by any statute now in effect or hereafter enacted; provided, however, that such mortgage revenue certificates or debentures shall not impose any tax liability upon any real or personal property in such municipality nor constitute a debt against the municipality issuing the same, but shall be

a lien only against or upon the property and revenues of such utility, including a franchise setting forth the terms upon which, in the event of foreclosure, the purchaser may operate the same, which said franchise shall in no event extend for a period longer than thirty (30) years form the date of the sale of such utility and franchise under foreclosure proceedings."

The charter provision limiting the bonded indebtedness is merely a legislative enactment and may be lifted at any time by a special or general legislative Act. Here the Legislature has lifted the limitation of bonded indebtedness by specific provision of general law applicable to the case at bar.

We have considered the ordinance together with the statute Chapter 17,118, and hold that the ordinance sufficiently complied with the statutes to recognize and create the mortgage lien provided for by the statutes. The lien arises as a matter of law from the action of the municipal authority which proceeded under the statute. The ordinance sets forth in full the rights of the certificate holders and constitutes a part of the contract between the municipality and the certificate holders as effectively as if its provisions were written into the certificates.

The contention of the appellant that the Town of River Junction under Chapter 17,118, *supra,* is without authority to combine a proposed sewerage system and its present water supply system and issue mortgage revenue certificates against the combined utility to finance the cost of construction of the sewerage system and of improvements and additions to the water supply system, finds its adverse answer in section 4(b) of Chapter 17,118, *supra,* which provides as follows:

"Whenever any municipality shall decide to avail itself of the provisions of this Act for the extension or improve-

ment of any existing utility plant or system, any then existing plant or system may be included as a part of a whole plant or system and any two or more utilities may be included in one project hereunder. The revenues of all or any part of any existing plants or systems or any plants or systems constructed hereunder may be pledged to secure moneys advanced for the construction or improvement of any utility plant or system or any part thereof or any combination thereof."

It cannot be seriously contended that the Legislature was without authority to authorize a municipality to so pledge its property and revenues. The constitutional provision authorizing the Legislature to establish municipalities, prescribe their powers, and provide for their government is sufficiently broad to include this authority.

For the reasons stated, the decree appealed from is affirmed.

So ordered.

WHITFIELD, C. J., and TERRELL, and DAVIS, J. J., concur.

BROWN, J (concurring in part and dissenting in part).—

The words "city and "village" as used in Chapter 17,118 are obviously used in a generic sense, referring to all the largest—as well as the smallest—municipalities.

I concur in most of what is said in the foregoing opinion, but I seriously doubt the power of the Legislature to authorize a municipality to mortgage a sewerage system in the ordinary sense of the word "mortgage"; that is, in the sense that the holders of the bonds or revenue certificates, so secured, could foreclose on and take possession of the sewer system, and stop the use of it, thus endangering the public health. Ordinarily, a municipality cannot contract away its governmental or police powers, such at least as those which are essential to the preservation of the public

health, and the peace and order of the community, and I seriously doubt the power of the Legislature to authorize a municipality so to do. See 44 C. J. 73. But there are cases which hold that cities may make contracts which suspend the exercise of such powers for a limited time as a part of the consideration for the purchase of a public utility which it is authorized to buy, or to secure for the City and its inhabitants the establishment by others of a public utility service not presently enjoyed, 44 C. J. 74. But a sewerage system, at least in large and thickly populated towns and cities, is so essential to the public health, and the continuation of its operation may be such an imperative governmental duty as to override any contract which would frustrate the very purpose for which it was constructed. This might also become true of a water system. All contracts are made subject to the necessary and proper exercise of the police power. In this connection see State, *ex rel.* Ellis, v. A. C. L. Ry. Co., 53 Fla. 673.

ELLIS, P. J., concurs.