STATE v. CITY OF FORT PIERCE.

170 So. 742.
Division A.
Opinion Filed November 18, 1936.

*Angus Sumner,* State Attorney, for Appellant;
*E. O. Denison,* City Attorney, for Appellee.

BROWN, J.—This appeal is taken from a final decree validating $170,000.00 of revenue certificates authorized by an

ordinance of the City of Fort Pierce, for the payment of which the future net revenues of the City's electric light and water system were pledged. The proceeds of the certificates when sold are to be used in paying· for needed extensions of the electric light plant.

The only new question presented by this record is whether the pledging of the net revenues of both plants—the waterworks plant as well as the electric plant—can be validly made without approval at an election held pursuant to Article IX, Section 6, of the Constitution when the proceeds of the certificates are to be used for extending the facilities of the electric plant only. If the net revenues of the electric light system only had been pledged for the payment of the certificates to be used in extending that system, the decree of validation could clearly and readily be affirmed upon the authority of the cases heretofore decided by this Court, which dispose of all questions here involved (except the one new question above referred to) favorably to the contentions of the appellee and the correctness of the decree of validation. See State v. City of Miami, 113 Fla. 280, 152 So. 6; City of Daytona Beach, 118 Fla. 29, 158 So. 300; Board of County Commissioners v. Herrick, 123 Fla. 619, 167 So. 386; Wilson v. City of Bartow, 124 Fla. 356, 168 So. 545; State v. City of Clearwater, 124 Fla. 354, 158 So. 546; State, ex rel. City of Vero Beach, v. MacConnell, 125 Fla. 130, 169 So. 628; Williams v. Town of Dunnellon, 125 Fla. 114, 169 So. 631; State v. Town of River Junction, 125 Fla. 267, 169 So. 676.

The authorizing ordinance under· which the certificates are to be issued expressly provided that "None of the foregoing covenants shall be construed as requiring the City to expend any funds other than the revenue derived from the operation of the electric light and water system," and added

in the next section (9) that: "No taxes shall ever be levied and no moneys shall ever be taken or diverted from any funds of the City for the payment of the principal or of interest on the certificates issued hereunder, except as hereinbefore expressly provided." As there is no covenant "hereinbefore expressly provided" pertaining to the levy of taxes, this paragraph is tantamount to an express covenant to renounce any right to ever resort to the taxing power of the City to enforce the payment of the revenue certificates, and to confine the security for such payment solely to the pledge of the net revenues of the electric light and water system, after payment of the costs of operation and maintenance, as thereinbefore provided for.

Recurring now to the question of whether the City could lawfully pledge the revenues of both the water and electric light plants as security for the payment of said certificates, we deem it appropriate to here quote several paragraphs from the well considered opinion and decree of the Circuit Judge. Paragraphs 2 to 4 thereof, inclusive, read as follows:

"2. That, under and by virtue of Chapter 12746, Laws of Florida, Acts of 1927, and other laws amendatory and supplementary thereto and the Constitution and general laws of the State of Florida, the City of Fort Pierce, a municipality in the County of St. Lucie, State of Florida, petitioner herein, was and is authorized and empowered to construct, own, operate and maintain an electric light and water system, to furnish the facilities of said electric light and water system to consumers thereof, and to fix and maintain rates and collect charges for such services and facilities; and that said City of Fort Pierce did construct an electric light and water system for said purpose and did finance such construction by the issuance of general obligation bonds

of said City of Fort Pierce for the payment of which bonds the said City of Fort Pierce was required by law to levy an *ad valorem* tax on all taxable property within the limits of said municipality.

"3. That said City of Fort Pierce now owns, operates and controls said electric light and water system, in its proprietary capacity; that said City of Fort Pierce has owned, operated and controlled said electric light and water system continuously during the last twenty-four (24) years; that, although said system consists of an electric light plant and a waterworks, the said electric light and water system is operated, managed and maintained as a single system and in fact constitutes only one utility; that said electric light and water system comprises all the existing utility plants of said City of Fort Pierce; that said City of Fort Pierce has been and is deriving annual net revenues from said electric light and water system, and that the revenues so derived have not been pledged, in whole or in part, to the payment of any outstanding bonds or other obligations of said City of Fort Pierce, except that Section 74 of Chapter 12746, Laws of Florida, Acts of 1927 (same being the charter of said City), provides that the profits arising from the operation of the utility plants of the City, after payment of current interest and sinking fund requirements of the bonded indebtedness of such plants, may be placed in a reserve account for the replacement of the equipment thereof, or may be used for extension of the plants and the service mains of such utilities, but shall not be used for any other purpose, and that there are now outstanding and unpaid certain bonds of said electric light and water system constituting a lien upon the revenues of said electric light and water system, which said bonds are listed and described in the petition herein. That, therefore, said City of Fort

Pierce has the power and authority to construct, own, operate and maintain the extensions, additions and improvements to said electric light plant described in the petition herein and to fix and maintain rates and collect charges for the services and facilities furnished by said electric light and water system as so extended and improved; that said City of Fort Pierce has the further power and authority for the purpose of financing such extensions, additions and improvements, to issue revenue certificates of said City payable solely out of the net revenues of said electric light and water system; that said City of Fort Pierce has the power and authority to issue such revenue certificates without approval by a vote of the freeholders of the said City of Fort Pierce, as is required by amended Section 6 of Article IX of the Constitution of the State of Florida, prior to the issuance of 'bonds'; that the ordinance providing for the issuance of such revenue certificates mentioned and referred to in the petition herein, has been fully and regularly passed, adopted and put into effect in accordance with all requirements of the Charter of said City of Fort Pierce and all other laws applicable thereto; that all the covenants and agreements set forth in said ordinance are valid and binding; that all acts, conditions and things required by the Constitution and statutes of the State of Florida and the ordinances of said City of Fort Pierce to exist, happen and be performed precedent to and in the issuance of said revenue certificates have existed, happened and been performed in due time, form and manner as required by law.

"4. That the proposed extensions, additions and improvements mentioned and described in the petition herein are *bona fide* extensions, additions and improvements to the said electric light plant of said City of Fort Pierce, which are necessary to meet immediate and imperative public

needs and to preserve and improve the service of said electric light and water system; that said City of Fort Pierce now has outstanding bonds in an amount up to the limitatation prescribed by its charter for the issuance of bonds and no means other than the issuance of the revenue certificates described in the petition herein are attainable to finance the construction of such extensions, additions and improvements."

The chancellor's findings of fact appear to be supported by the record and his legal conclusions well founded. It is not necessary for us to determine whether a different conclusion would be required even though the water and electric light plants were operated as two distinct and separate systems, but where, as here, the City owns and operates, manages and maintains both plants as a single system, we see no legal objection to the pledging of the revenues of both plants to secure the money to make *bona fide* and essential additions to or extensions of one of said plants. Certainly to do so would not convert the revenue certificates here involved into bonds within the meaning of Section 6, Article IX, of the Constitution, under the facts here existing. A pledge of additional security of the same class does not change the character of the instruments secured, especially where, as here, the express terms of the instruments secured and the authorizing ordinance show that the City of Fort Pierce is in no wise obligated, directly or indirectly, to exercise the power of taxation to provide a fund to redeem such instruments. This conclusion is fortified by the provision of the City Charter to the effect that the profits arising from the operation of the utility plants of the city may be placed in one reserve account, or may be used for extensions of the plants and of the service mains of such utilities. A somewhat similar question was pre-

sented in Flint v. Duval County, decided Oct. 30, 1936, not yet reported.

This holding is also in line with the public policy promulgated by Section 4 of Chapter 17118, Laws of 1935, dealing with the establishment and operation of waterworks and certain other public utilities, wherein it is provided that a municipality availing itself of the provisions of that Act may pledge the revenues of any existing plants or systems to secure the money for the construction or improvement of any utility plant or system authorized by that Act. While not expressly dealing with electric plants, that Act implies that what was done here is not contrary to the statutes or public policy of the State.

The question of the validity of the terms of the certificates with regard to the rates to be charged by the City for the services afforded by the two utilities, to the effect that such rates should be sufficient to pay, first, the cost of operation and maintenance, and then to pay the interest and principal requirements of the obligations therein provided for, is ruled by the opinion and decision of this Court in the recent case of State, *ex rel.* City of Vero Beach, v. MacConnell, 169 So. 628, wherein the terms of the revenue certificates there involved were in this respect substantially the same as those we now have before us. In Sections 75 and 76 of said Chapter 12746, the Legislature granted to the City of Fort Pierce the power to construct, establish, maintain and operate electric lighting and water plants and distribution systems, and to charge and collect "reasonable rates, prices and compensation" for furnishing and supplying the services thus made possible. For aught that appears in this record, the carrying charges imposed by these certificates, by means of which the capital necessary for enlarging the facilities and revenue-producing power of the

electric plant will be obtained, can readily be secured within the scope of the "reasonable rates" for water and electric service permitted by the charter Act referred to, and also within the principles laid down by this Court in the Vero Beach case above cited.

The validating decree appealed from will therefore be and the same is hereby affirmed.

WHITFIELD, C. J., and DAVIS, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.