STATE v. CITY OF FORT PIERCE, a municipality in St. Lucie County.

182 So. 774.
Opinion Filed July 6, 1938.

*Murray W. Overstreet* and *Angus Sumner,* for Appellant;

*G. R. Nottingham,* for Appellee.

CHAPMAN, J.—On April 13, 1938, the City of Fort Pierce, Florida, filed in the Circuit Court of St. Lucie County, Florida, a petition as provided by Sections 5106-5112 C. G. L., for the purpose of validating certain Electric Revenue Certificates authorized by said municipality under an Ordinance No. B-97 which was approved and adopted by the City Commission of the City of Fort Pierce, Florida, on March 24, 1938. The power to approve and adopt Ordinance No. B-97 was given by the Legislature of Florida by Sections 117, 118, 120 and 123 of Chapter 12746, Laws of Florida 1927, being the City Charter of Fort Pierce. The ordinance, *supra,* provides for the payment of the $25,000.00 Revenue Certificates of said city solely from the revenues derived from the Municipal Light and Water System of said city, and the money is to be used to finance the cost of construction of the additions and improvements to such system as authorized by an existing ordinance thereof identified as being No. B-55.

On April 13, 1938, the Clerk of the Circuit Court of St. Lucie County, Florida, issued a notice to the taxpayers and citizens of the City of Fort Pierce, Florida, which was published as required by law, and subsequently, on May 4, 1938, an answer was filed by the State Attorney of the Circuit Court in and for St. Lucie County, Florida.

The answer to the petition for validation tendered issues of fact, the principal one being: the revenues of the electric light and water system derived therefrom for three fiscal years will not be sufficient, as shown thereby, to pay the principal and interest on *now* outstanding bonds and proposed revenue certificates as and when the same become due. The construction of the proposed additions and im-

provements and the issuance of the certificates to finance additional improvement and construction will create a pledge of the taxing power, or impose obligations upon the petitioner to exercise its power of taxation to pay the principal and interest of said electric revenue certificates.

·On May 11, 1938, the Honorable Millard B. Smith heard evidence on the issues made by the petition and answer, when H. M. Horton, City Clerk and Treasurer of the City of Fort Pierce, Florida, gave considerable testimony showing the annual revenues arising from the electric light and water system there for a number of years past and described in detail the proposed improvement, when the following question was propounded on cross examination: By Mr. Sumner: "Q. If these revenue certificates were issued in the amount of $25,000.00, will there be enough earnings from the electric light plant and water works to pay the principal and interest on this proposed issue, together with other issues outstanding from the net earnings of the light plant? A. The record indicates that there will be, with a surplus to aggregate over and above these payments." A large number of Exhibits were offered or filed in evidence in behalf of the plaintiff and no evidence was offered to support any of the material allegations of the answer; and on the same day, viz., May 11, 1938, the Honorable Millard B. Smith made and entered a final decree validating the said bonds. From this final decree an appeal was perfected and the same is here for review on a number of assignments of error based exclusively on the final decree. We can dispose of all assignments as one, as the sole question for consideration here is: From the facts as proven and the law applicable thereto, was the lower court authorized to enter the final decree herein? In the case of Farrington v. Harrison, 95 Fla. 769, 116 So. 497, this Court said:

"We also bear in mind the oft reiterated rule that while the findings of the chancellor on the facts where the evidence is heard by him, and the witnesses are before him, are entitled to more weight in the Appellate Court than where such findings are made in a cause where the testimony was not taken before the chancellor, yet in either case the chancellor's findings should not be disturbed by an Appellate Court unless shown to be clearly erroneous. Sandlin v. Hunter Co., 70 Fla. 514, 70 South. Rep. 553; Travis v. Trawls, 81 Fla. 309, 87 South. Rep. 762; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 23.

"On the other hand, where a decree is manifestly against the weight of evidence or contrary to and unsupported by the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. Carr v. Leslie, 73 Fla. 233, 74 South. Rep. 207; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Gill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Lightsey v. Washington Park Properties, 112 South. Rep. 555."

The essential pleadings and fact, as disclosed by the record in the case at bar, are ruled by the principles of law as cited in the case of Williams v. Town of Dunnellon, 125 Fla. 114, 169 So. 631. See: State v. City of Miami, 113 Fla. 280, 152 So. 6; State v. City of Lake City, 116 Fla. 10, 156 Sou. 924; State v. City of Daytona Beach, 118 Fla. 29, 158 So. 300; Wilson v. City of Bartow, 124 Fla. 356, 168 So. 545; State v. City of Clearwater, 124 Fla. 354; 168 So. 546; State v. City of Punta Gorda, 124 Fla. 512, 169 So. 835; Leon County v. State, 122 Fla. 505, 165 So. 666; Tapers v. Pichard, 124 Fla. 549, 169 So. 39; Roach v. City of Tampa, 125 Fla. 62, 169 So. 627; Boykin v. Town of River Junction, 124 Fla. 837, 169 So. 492; State, *ex rel.* City of Vero Beach, v. MacConnell, Number 1, 125 Fla. 130, 169 So. 628.

It is therefore considered and ordered that the final decree appealed from be and the same is hereby affirmed on the authority of Williams v. Town of Dunnellon, *supra*.

Affirmed.

WHITFIELD, BROWN, and BUFORD, J. J., concur.