EDWARD B. HESS v. CITY OF ORLANDO, a municipal corporation, *et al.*

183 So. 473.

Opinion Filed September 23, 1938.

*H. N. Roth,* for Appellant;

*Campbell Thornall,* for Appellees.

TERRELL, J.—On the twelfth day of September, 1938, the City of Orlando adopted an ordinance proposing to issue seven hundred ninety-eight thousand dollars in Utility Revenue Certificates for the purpose of securing a loan from the Federal Emergency Administration of Public Works to improve and extend its sewer system, the said loan to be amortized in stated annual payments over a period of thirty years and to bear interest at four per cent. per annum.

The ordinance expressly provides that the certificates will not constitute a lien upon any property or give any right for the appointment of a receiver or foreclosure against the improved sewer system when constructed or against any other property of the City of Orlando. It also proposes to issue said certificates without a freeholder's election under amended Section 6 of Article IX of the Constitution of the State of Florida and to appropriate ample sums from the revenues derived from the electric light and water plants to liquidate them.

On the fifteenth day of September, 1938, the appellant as plaintiff below filed his bill of complaint in the Circuit Court, wherein he prayed that the City of Orlando, its officers, agents, and employees be restrained from issuing the utility revenue certificates described in said ordinance or from proceeding otherwise under the terms thereof to carry out its purpose. The chancellor denied the relief prayed for and this appeal was prosecuted from his decree.

It is agreed that the question presented is whether or not the income from the electric light and water plants realized under existing rates may be pledged by the City to discharge

the utility revenue certificates proposed to be issued in the manner and for the purpose stated in the ordinance dated September 12, 1938.

It is shown that from the present revenues derived from the electric light and water plants, the Orlando Utilities Commission can and will contribute $60,000.00 a year to the liquidation of the certificates. It is also shown that the improvement proposed is very much needed, that the certificates are absent the elements to constitute them bonds, that they do not pledge the taxing power of the City, that they do not constitute a lien upon any property of the City of Orlando, that they contain no provision for foreclosure or the appointment of a receiver, that they constitute merely a promise to pay from a specific fund which can be spared for that purpose, that the fund from which they are proposed to be paid in no way involves the taxing power and the maturities are set up on a schedule which makes it possible for the contribution from the electric light and water plant to liquidate each group of certificates when they mature.

The City, in other words, proposes primarily to pledge a limited portion of the income dreived from its electric light and water plants for the contemplated improvement. It is in harmony with Chapter 17118, Acts of 1935, is not an indebtedness requiring an approval vote of the taxpayers, and we think is concluded by State v. City of Fort Pierce, 126 Fla. 184, 170 So. 742, and City of Vero Beach v. McConnell, 125 Fla. 130, 169 So. 628. See also Town of River Junction v. Boykin, 124 Fla. 827, 169 So. 492; Williams v. Town of Dunnellon, 125 Fla. 114, 169 So. 631; Kathleen Land Company v. City of Lakeland, 169 So. 356, 124 Fla. 659.

The judgment below is affirmed.

834

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.