STATE v. CITY OF PENSACOLA.

184 So. 768.
Division A.
Opinion Filed November 29, 1938.

*E. Dixie Beggs, Jr.,* for Appellant;

*Ernest E. Mason,* for Appellee.

TERRELL, C. J.—Pursuant to provisions of its Charter, particularly Section One of Chapter 15425, Acts of 1931, the City Council of the City of Pensacola adopted a resolution authorizing the issue of $59,000 of water revenue certificates to be dated November 1, 1938, and bearing interest not to exceed four per cent and to be used for the purpose of constructing certain improvements and extensions to the water supply and distribution system of the City.

The resolution further requires the City Council to fix and impose charges for the services afforded by said water supply and distribution system sufficient to provide revenue to pay the cost of operation, maintenance, and repair in addition to maintaining a special fund designated "1938 Water Revenue Certificates Sinking Fund," for the payment of principal and interest on said certificates as they mature. The said water revenue certificates are made payable solely from charges made for water service thus afforded and under no circumstances can taxes be imposed on the taxable property of the City to pay them or the interest thereon nor can they be paid from any other revenues now or hereafter in the hands of the City. The necessity for the improvement in its water supply and distribution system and the fact that the City owned said system was also shown. It is also shown that said Water Revenue Certificates were a second series and were subordinate to the first series.

A petition was filed in the Circuit Court of Escambia County as provided by statute to validate said certificates, an order to show cause was issued, and served, and notice to taxpayers was given and published. The State Attorney

filed an answer denying all the material allegations of the petition. On the issue thus made, evidence was taken after which the Chancellor entered his final decree validating the certificates. The instant appeal is from the validating decree.

The first question with which we are confronted is whether or not the City of Pensacola is authorized to issue water revenue certificates for the purpose of extending and improving its water supply and distribution system, payable soley from the net revenues of said system without an approving vote of a majority of the freeholders as contemplated by Section Six of Article Nine of the Constitution of Florida.

Section One of Chapter 15425, Acts of 1931, being the applicable portion of the City Charter, fully empowers the City to issue such certificates and this Court has repeatedly approved similar issues. State v. City of Miami, 113 Fla. 280, 152 So. 6; State v. City of Fort Pierce, Fla. 182 So. 774; Williams v. Town of Dunnellon, 125 Fla. 114, 169 So. 631; State, ex rel. City of Vero Beach, v. McConnell, 125 Fla. 130, 169 So. 628. The following cases also support this view: Patton v. Panama City, et al., 125 Fla. 140, 169 So. 638; Teachy v. City of Wauchula, 125 Fla. 150, 169 So. 640; Voorhees v. City of Moore Haven, 125 Fla. 149, 169 So. 641; May Land Co. v. City of Ft. Lauderdale, 125 Fla. 146, 169 So. 642; State, ex rel. City of Sarasota, v. Richards, 125 Fla. 145, 169 So. 643; Taylor v. City of Miami, 125 Fla. 144, 169 So. 644; Boynton v. City of Safety Harbor, 125 Fla. 143, 169 So. 644; Pentecost v. City of Ft. Myers, 125 Fla. 152, 169 So. 645; Airth v. City of Live Oak, 125 Fla. 155, 169 So. 646; City of Clearwater v. Green, 125 Fla. 157, 169 So. 647; State v. City of St. Augustine, 125 Fla. 173, 169 So. 648; State v. City of Ft. Pierce, 126 Fla. 184, 170 So. 742; Brooks v. City of Jacksonville, 127 Fla. 564, 173

So. 365, State v. City of Hollywood, 131 Fla. 584, 179 So. 721.

The fact that the water revenue certificates here involved are a second series made subordinate to and inferior to the first series and payable from the net revenues of the water supply and distribution system is not material when as shown here, the income and revenue from the said system is sufficient to pay both series as they mature. State v. City of Fort Pierce, 133 Fla. 348, 182 So. 774.

The only other question with which we are confronted is whether or not Water Revenue Certificates of the City of Pensacola payable solely from the net earnings of its water supply and distribution system are "debts" as defined by cities statutory debt limit.

Chapter 5530, Acts of 1905, speaking of the debt limit of the City of Pensacola provides that the amount of the outstanding general bonds of the city shall at no time exceed fifteen per cent of the assessed value of the real estate within the City as the same shall appear from the assessment roll for the year last preceding the time the bonds were issued. This Court has approved the doctrine that such statutes defining debt limits have no application to obligations for water revenue certificates such as are involved here. State v. City of Miami, 116 Fla. 517, 152 So. 6.

We therefore hold that the City of Pensacola is fully authorized to issue the water revenue certificates brought in question, that all proceedings heretofore taken looking to their issue are regular, that they are not such obligations as require an approving vote of the freeholders, that they constitute a valid and binding obligation against the City payable solely from the net earnings of its water supply and

distribution system and are not within the statutory debt limit of the City.

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.