J. F. DICKEY v. BROWARD COUNTY PORT AUTHORITY; B. F. BUTLER, as Chairman, and DAVE TURNER and I. C. WILLIAMS, as members of and constituting the BROWARD COUNTY PORT AUTHORITY: FRANCES MEYER, as Secretary; W. T. ELLER, as Port Manager; THE DANIA BANK; and THE ARUNDEL CORPORATION, a Maryland Corporation.

185 So. 349.

Opinion Filed December 21, 1938.

*J. H. Lathero,* for Appellant;

*R. R. Saunders, C. L. Chancey* and *J. T. Chancey,* for Appellees.

TERRELL, C. J.—Broward County Port District and its governing agency, Broward County Port Authority, were created by Chapter 17506, Special Acts of 1935. Through Chapter 17506, Special Acts of 1935, and Chapter 18442, Special Acts of 1937, the Broward County Port Authority was authorized to issue and sell bonds or revenue certificates for stated purposes. On December 9, 1938, the Broward County Port Authority adopted a resolution providing for the issuance of $200,000 in Harbor Revenue Certificates to aid in the construction of a slip and bulkheads as improvements to the existing system of port facilities at Port Everglades, said certificates to be paid solely from the revenues derived from services rendered by the Broward County Port Authority through its port facilities and to be issued without an approving vote of the taxpayers of the Broward County Port District as contemplated by Section 6 of Article IX of the Constitution.

The resolution was predicated on a finding of fact that Broward County Port Authority owns, operates, and maintains its port facilities at Port Everglades which have been paying a large and substantial net income over operating expenses, that the improvements proposed are essential and necessary, that the present facilities are inadequate for the needs of the Port Authority, that the said Port Authority is authorized to issue said certificates and that the principal and interest thereon are secured by an exclusive first lien on all revenues and income derived from the operation of the Port system after the cost of operation is deducted. They are in no sense a debt against the Broward County Port District, payable from taxes, or other revenues therefrom.

It was also shown that Broward County Port Authority is indebted to the Arundel Corporation of Baltimore, Maryland, in the sum of $38,127.25, to the Dania Bank at Dania in the sum of $47,000.00, and that for the payment of said sums, the net revenues of the port authority were pledged, but that the Port Authority and the Dania Bank on the one hand and the Port Authority and Arundel Corporation on the other, have entered into agreements by which the lien of the claims held by the Dania Bank and Arundel Corporation will become subordinate to and inferior to the lien created by the Harbor Revenue Certificates.

The appellant, J. F. Dickey, a citizen and taxpayer in the Broward County Port District, filed his bill of complaint in the Circuit Court seeking to restrain the issuance of said Bank and Arundel Corporaion. A motion to dismiss the bill of complaint was granted and this appeal was prosecuted.

The grounds urged for reversal of the decree below are identical with those urged in the Circuit Court to restrain the issuance of the certificates and the execution of the contracts. The first question as to the certificates was definitely answered contrary to the contention of Appellant in McGoon v. Town of Miami Springs and cases cited therein, decided December 16, 1938.

As to whether or not the Legislature observed the requirements of law in the enactment of Chapter 17506, Special Acts of 1935, and Chapter 18422, Special Acts of 1937, little need be said. The bill of complaint is dearth of allegations to show that every requirement was not observed in the passage of the latter Act and as to the former Act, the case of State, ex rel. Swanson, v. Strickland, 122 Fla. 784, 166 So. 313, is conclusive against appellant's contention.

Likewise we find no objection to the contract between Broward County Port Authority and the Dania Bank on the one hand and the Broward County Port Authority and Arundel Corporation on the other. Appellee and both these corporations were authorized to make contracts. The contracts in question were not against public policy and were within the contracting power of the parties. They were such contracts as any parties free to contract may enter into.

The Harbor Revenue Certificates are not bonds requiring an approving vote of the taxpayers as contemplated by Section 6 of Article IX of the Constitution. McGoon v. Town of Miami Springs, decided December 16, 1938, and cases therein cited. There is nothing in the resolution requiring the district to become responsible for the payment of the certificates or any part thereof in its taxing capacity. Payment must be made from the income derived from the port facilities and not otherwise.

The decree appealed from is therefore affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.