J. F. DICKEY v. CITY OF FORT LAUDERDALE, T. B. MANUEL, as Mayor, M. A. HORTT, JOHN W. NEEDHAM, J. H. DURHAM and GENEVIEVE PYNCHON, as City Commissioners, J. K. HUEY, as City Manager, SARA M. CRIM, as City Treasurer and Tax Collector.

186 So. 427.
Opinion Filed February 3, 1939.

*Kennedy & Kennedy* and *J. H. Lathero,* for Appellant; *George W. English, Jr.,* for Appellees.

TERRELL, C. J.,—In September, 1938, the City Commission of the City of Fort Lauderdale adopted an ordinance providing for the issuance of causeway revenue debentures in the sum of $171,000 to aid in the construction of a highway or causeway connecting the beach section of the city with the mainland, said debentures to be paid solely from revenues derived from the operation of said causeway and from no other source.

J. F. Dickey, as complainant, filed his bill of complaint in the Circuit Court of Broward County praying that the issuance of said debentures be enjoined because of lack of power to issue them. A motion to dismiss the bill of complaint was granted and this appeal was prosecuted. .

Six questions are urged for our consideration the primary ones having reference to the power of the City to issue the debentures and whether or not if issued they would enlarge the city's indebtedness beyond its allowable debt limit.

We have examined Chapter 10552, Special Acts of 1925, under which it is proposed to issue said debentures and find ample authority in Sections 7 and 139 thereof for this purpose. The authority to issue such debentures was also approved in May Land Company v. City of Fort Lauderdale, 125 Fla. 146, 169 So. 642, so the power to issue them would seem to be a closed question.

With reference to the city's allowable debt limit, Section 102 of Chapter 10552, Special Acts of 1925, provides that no bonds shall be issued in excess of the aggregate of fifteen per cent of the assessed valuation of the taxable property in the city.

This Court has approved the doctrine that such provisions of the city charter have reference to debts required to be funded by the exercise of the taxing power and have no reference to cases where the indebtedness is funded with revenues derived from the operation of the utility con-

structed with the moneys which it is proposed to fund. Boykin v. Town of River Junction, 124 Fla. 827, 169 So. 492; Roach v. City of Tampa, 125 Fla. 62, 169 So. 627; State v. City of Miami, 113 Fla. 280, 152 So. 6.

Other questions argued have reference to the manner of the expenditure of certain portions of the proceeds of the debentures, the appointment of a receiver for the utility constructed under named contingencies, the lease of the causeway, and the publication of notice. We have examined all of these questions and find them to be without merit. McGoon v. Town of Miami Springs, decided December 16, 1938, and cases there cited.

The judgment below is therefore affirmed.

Affirmed.

BUFORD, and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in the opinion and judgment.

JUSTICES BROWN and CHAPMAN, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.