State *ex rel.* Adrian W. Weigel v. R. T. Spangler, as Secretary of Broward County Port Authority

190 So. 425
Opinion Filed July 7, 1939

R. R. *Saunders,* for Relator;

J. H. *Lathero,* for Respondent.

TERRELL, C. J.—This is a proceeding in Mandamus challenging the constitutional validity of Chapter 19710, Acts of 1939. We accepted original jurisdiction because the improvement involved was a P. W. A. project to be financed by a federal loan and the Federal Government exacted an expression of this Court as to the validity of the Act brought in question as a condition precedent to making the loan.

Relator moves for a peremptory writ notwithstanding the return of respondent to the alternative writ.

Chapter 19710, Acts of 1939, authorizes the Broward County Port Authority to grant holders of its obligations the right to the appointment of a receiver under conditions named therein and defines the power, duties, and duration of such receiverships. It is admitted that Chapter 19810, Acts of 1939, is a local Act.

It is contended that said Act is invalid because (1) notice of intention to apply therefor was not advertised as required by Section 21, Article III, Constitution of Florida, (2) that the authority granted the creditors of Broward County Port Authority by said Act constituted certain of its obligations "bonds" as contemplated by Section 6, Article IX, of the Constitution, requiring an approving vote of the freeholders as a prerequisite to their issuance, and (3) may respondent, as secretary, refuse to execute the Harbor Rev-

enue Certificates of Broward County Port Authortiy because they were ordered issues "as of December 1, 1938" when he was not an officer of the Authority on that date.

In response to question one, it is sufficient to say that Section 21, Article III, of the Constitution, requires that notice of intention to apply for the passage of Chapter 19710, Acts of 1939, be made not less than thirty days prior to its introduction in the Legislature. The record discloses that the required notice was given, that the notice including the entire Act was published one time as directed and that there was a finding on the part of the Legislature that all these prerequisites were complied with. That was sufficient.

Authorizing the creditors of Broward County Port Authority to have a receiver appointed under conditions stated in the Act in no sense changed the status or the method of paying the Harbor Revenue Certificates brought in question. The validity of said certificates was upheld in Dickey v. Broward County Port Authority, 135 Fla. 622, 185 So. 349. They are required to be paid from fees and charges other than taxes collected by the Port Authority and in no sense involved the taxing power. The right to appoint a receiver did not change this status in any respect. If the taxing power had been affected in any way, there would be merit to this contention.

Likewise the third question urged is without merit. The applicable law, Chapter 18442, Acts of 1937, requires the Secretary to attest with the seal of the Broward County Port Authority all obligations issued by it. The Harbor Revenue Certificates involved in this case were duly issued and have been validated. The duty of the Secretary to attest them with the seal of the Port Authority was purely ministerial and the fact that he was not Secretary on the first of December, 1938, is not material. The Port Authority was in being at that time and had power to issue them.

It follows that the motion to grant the peremptory writ notwithstanding the return to the alternative writ must be and is hereby granted.

It is so ordered.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.