L. E. Rowe, *femme sole,* v. City of Fort Lauderdale; Lewis E. Moore, as Mayor; W. J. Eastman, T. B. Manuel, H. Y. Newsham, and Genevieve Physhon, as City Commissioners; J. H. Philpot, as City Manager; Sara Crim, as Tax Collector, and S. H. Marshall, as City Clerk.

196 So. 199
Opinion Filed May 14, 1940

*C. E. Farrington,* for Appellant;
*Julian E. Ross,* for Appellees.

Terrell, C. J.—Appellant as complainant filed her bill of complaint in the circuit court seeking to restrain the City of Fort Lauderdale from issuing $750,000 in waterworks revenue certificates for the purpose of refunding $210,000 outstanding waterworks revenue certificates and for the purpose of improving and extending its sanitary sewer system. At the final hearing on the issue made by bill and answer, the Chancellor on consideration of a stipulation and evidence taken, dismissed the bill of complaint. This appeal is from the final decree.

The question presented is whether or not the City of Fort

Lauderdale has the power to issue waterworks revenue certificates payable from the net revenue of its water system for the purpose of refunding outstanding certificates not yet matured and for the purpose of extending and improving its sewer system and then levy special assessments against the property so benefited.

Chapter 10552, Special Acts of 1925, Sections 105 and 110, *et seq.,* of the said Act, and Acts amendatory thereof provide ample authority for the issuance of the certificates brought in question and for the extension of the sewer system in the manner proposed.

The certificates do not pledge the taxing power of the City; they contain no provision for foreclosure; the funds from which they are to be paid in no way involve the taxing power and the maturities are so arranged that it is possible to pay them as they mature from the net proceeds of the waterworks system. For these reasons, they do not partake of the nature of bonds and the question *vel non* of their issue does not have to be approved by a vote of the people.

It is shown here that the City of Fort Lauderdale operates its waterworks and sewer system as one system and under the same management, that the improvement proposed is essential to the growth, sanitation, welfare, and convenience of the City. As to the $210,000 outstanding waterworks revenue certificates, it is shown that these were issued in December, 1939, in a much larger sum, that they have been materially reduced and that they have callable provisions attached whereby they may be refunded at any time.

In fine, the City of Fort Lauderdale proposes to pledge a portion of the net revenue from its waterworks system to redeem certain outstanding certificates and to improve and extend its sewerage system. The proposal is authorized

by Chapter 10552, Special Acts of 1925, is not such an indebtedness as requires an approving vote of the taxpayers, and is concluded by the following cases: Hess v. City of Orlando, 133 Fla. 831, 183 So. 473; Trudnak v. City of Fort Pierce, 135 Fla. 573, 185 So. 353; Dickey v. Broward County Port Authority, 135 Fla. 622, 185, So. 349.

Other questions have been examined but they present no reversible error so the judgment of the Chancellor is affirmed.

Affirmed.

WHITFIELD, P. J., BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.