**THE STATE OF FLORIDA v. CITY OF FORT MYERS**

24 So. (2nd) 50                      June Term, 1945

December 14, 1945                      En Banc

*Clyde H Wilson,* for appellant.

*R. E. Kurtz,* for appellee.

THOMAS, J.:

The City of Fort Myers owns and operates the sewerage system and the plants furnishing water and gas to its inhabitants. Efficiency demands that these properties be extended and improved. To obtain funds to accomplish this program it is proposed by the city to combine the three utilities and pledge the net revenues of the consolidated operation to the payment and retirement of $550,000 in "Municipal Utility Revenue Certificates." Inasmuch as there are now outstanding and unpaid certain certificates secured by the net revenue of the water plant alone, the income available for retirement of the new issue will be subject to prior claim of the holders of these "Water Works Revenue Certificates."

The circuit judge validated the proposed certificates and approved the plan of the city to conduct all three utilities as

one unit.  State of Florida appealed and now presents to us the dual question whether the consolidation is authorized and whether the city may issue certificates redeemable from the income of the joint operation.

The question may be answered by turning to Chapter 180 Florida Statutes, 1941, F.S.A., where, in Section 180.08, there is given authority to municipalities to extend utilities and repay from income money borrowed for the purpose.  In the preceding section, paragraph (2), it is expressly provided that any municipality availing itself of the "provisions of [the] chapter for the extension or improvement of any existing utility plant or system" may include two or more utilities in one project and, further, may pledge "the revenues of all or any part of any existing plants or systems . . . to secure moneys advanced for the . . . improvement of any utility plant or system or any part thereof or any combination thereof."

The court, in considering and construing Chapter 180, supra, originally Chapter 17118, Laws of Florida, Acts of 1935, seems to have arrived at conclusions with which the circuit judge's decree is in harmony.  State v. Town of River Junction, 125 Fla. 267, 169 So. 676; State v. City of Fort Pierce, 126 Fla. 184, 170 So. 742.

The decree is—

Affirmed.

CHAPMAN, C. J., TERRELL, BUFORD, BROWN and SEBRING, JJ., concur.

ADAMS, J., not participating.