JAMES E. ROACH v. CITY OF TAMPA; R. E. L. CHANCEY, as Mayor, *et al.*

169 So. 627.
Division B.
Opinion Filed July 27, 1936.

*A. F. Cornelius,* for Appellant;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellees.

PER CURIAM.—The appeal brings for review a final decree dismissing a bill of complaint in suit instituted to enjoin the appellees from issuing Hospital Revenue Certificates, payable solely out of the net revenues to be earned by a municipal hospital, for the purpose of procuring revenue with which to construct additions and betterments to the hospital now owned and operated by the municipality.

The questions presented for our determination are stated as follows:

"FIRST QUESTION: DOES A MUNICIPALITY HAVE STATUTORY AUTHORITY TO CONSTRUCT ADDITIONS AND IMPROVEMENTS TO AN EXISTING HOSPITAL, WHICH IT HAS OWNED AND OPERATED FOR SEVERAL YEARS (THE CONSTRUCTION OF WHICH WAS FINANCED BY THE SALE OF GENERAL OBLIGATION BONDS AUTHORIZED BY A VOTE OF THE FREEHOLDERS), UNDER ITS GENERAL CHARTER POWERS TO ESTABLISH AND MAINTAIN HOSPITALS AND OPERATE SAME ACCORDING TO THE STANDARDS OF RECOGNIZED MEDICAL OR HOSPITAL ASSOCIATIONS AND FINANCE THE CONSTRUCTION OF SUCH ADDITIONS AND IMPROVEMENTS BY THE ISSUANCE OF HOSPITAL REVENUE CERTIFICATES, PAYABLE SOLELY OUT OF THE NET REVENUES OF SUCH HOSPITAL?"

"SECOND QUESTION: DO SUCH HOSPITAL REVENUE CERTIFICATES (AS MENTIONED IN FIRST QUESTION) CONSTITUTE BONDS WITHIN THE MEANING OF SECTION No. 6, ARTICLE IX, OF THE CONSTITUTION OF FLORIDA, AS AMENDED, AND, THEREFORE, CANNOT BE ISSUED WITHOUT FIRST OBTAINING THE APPROVAL OF THE MAJORITY OF FREEHOLDERS OF THE MUNICIPALITY IN AN ELECTION HELD FOR SUCH PURPOSES?"

"THIRD QUESTION: WHERE THE CHARTER OF A MUNICIPALITY PROVIDES THAT THE CITY SHALL HAVE THE RIGHT TO ISSUE AND SELL BONDS FOR MUNICIPAL IMPROVE-

MENTS NOT TO EXCEED THE AMOUNT OF FIFTEEN PER CENTUM (15%) OF THE ASSESSED VALUE OF THE TAXABLE PROPERTY OF THE CITY, WOULD THE ISSUANCE OF HOSPITAL REVENUE CERTIFICATES (AS DESCRIBED IN THE FIRST QUESTION), VIOLATE SUCH STATUTORY PROHIBITION, IF BONDS OF THE CITY ARE ALREADY OUTSTANDING TO THE EXTENT OF SUCH LIMIT?"

"FOURTH QUESTION: WOULD THE ISSUANCE OF THE REVENUE CERTIFICATES (MENTIONED IN FIRST QUESTION), PAYABLE SOLELY OUT OF THE NET REVENUES OF AN EXISTING, CONTINUOUSLY OPERATED HOSPITAL WITH THE CONDITION THAT THE CITY WOULD CHARGE SUCH RATES AND SO OPERATE THE HOSPITAL AS TO PRODUCE REVENUES SUFFICIENT AT ALL TIMES TO PAY THE COST OF OPERATION AND THE PRINCIPAL AND INTEREST OF SAID CERTIFICATES AS THE SAME FALL DUE, CREATE A PLEDGE OF THE TAXING POWER OF THE MUNICIPALITY, OR IMPOSE AN OBLIGATION COERCIVE UPON THE MUNICIPALITY TO EXERCISE THE POWERS OF TAXATION AS TO REQUIRE A VOTE OF THE FREEHOLDERS AS PROVIDED BY SECTION NO. 6, ARTICLE IX, OF THE CONSTITUTION OF FLORIDA, BEFORE THE SAME COULD BE ISSUED?"

It appears that each of the questions presented was answered correctly by the Chancellor and in line with the most recent decisions of this Court.

Identical questions were involved in the case of E. H. Boykin v. Town of River Junction, in which opinion was filed here on the 17th day of July, 1936 (not yet reported) and were determined adversely to the contentions of appellant.

The difference between the River Junction case and this case is that in the River Junction case additions to a light plant were involved, while in this case additions to a mu-

nicipal hospital are involved, and the amounts and maturities of payments are not identical, but the legal principles governing in one case are equally applicable in the other, and, therefore, there is no good purpose to be served by repeating here what was fully and clearly stated in that opinion. So it is, the decree appealed from should be affirmed on authority of the opinion and judgment in the case of Boykin v. Town of River Junction, *supra*.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.