J. G. ANDERSON v. CITY OF WAUCHULA, LESLIE HORD, as Mayor, L. M. MOSELEY, as City Clerk, and E. H. POSEY, L. M. BOSTICK, L. A. BRYANT, BEN COKER, REUBEN MOORE, O. F. WELLS, and A. B. PEARCE, as City Councilmen.

185 So. 350.

Opinion Filed December 21, 1938.

626

*Carver & Langston,* for Appellant;

*Latimer C. Farr,* for Appellees.

TERRELL, C. J.—In November, 1938, the City of Wauchula, in Hardee County, adopted an ordinance providing for the issuance of Revenue Certificates in the sum of $7,000.00 for the purpose of constructing extensions and improvements to its waterworks system, said revenue certificates being payable solely from revenues derived from services furnished by said waterworks system, and to be issued without an approving vote of the taxpayers as contemplated by Section 6 of Article IX of the Constitution.

The ordinance providing for their issue was predicated on a finding of fact that the City was the owner and operator of its waterworks system, which has become entirely inadequate in quality and quantity to supply the needs of the City, that it is necessary that said waterworks system be extended and improved, that the City is fully empowered by its Charter to construct such extensions and improvements and that the income therefrom is sufficient to pay said certificates as they mature in addition to operating and other charges. The ordinance, among other things, provided as follows:

"That it will at all times prescribe and collect rates in connection with the waterworks system as it may deem reasonable, which said rates shall be at least sufficient after making reasonable allowances or contingencies and for a margin of error in the estimates, to maintain and provide

revenues sufficient at all times to pay the cost of operation, maintenance and repairs of said waterworks system, debt service on the waterworks revenue certificates authorized by ordinance 210 and to maintain the Bond Fund as hereinbefore provided by Section 6 hereof."

The appellant, J. G. Anderson, a citizen and taxpayer of the City, filed a bill of complaint in the Circuit Court seeking to restrain the issuance of said Revenue certificates on the ground that the City was without power to issue them because they were in effect bonds as contemplated by Section 6, Article IX of the Constitution, and could be issued only by an approving vote of the taxpayers, and on the further ground that the City Charter prohibited bonded indebtedness in excess of ten per cent of its assessed valuation, and that it now has outstanding bonded indebtedness greatly in excess of that amount. A motion to dismiss the bill of complaint was granted, and this appeal was prosecuted from that decree.

The grounds urged for reversal of the decree below are the same as those urged in the Circuit Court to restrain the issuance of the revenue certificates. Both these questions were definitely answered contrary to the contention of Appellant in McGoon v. Town of Miami Springs, and cases therein cited, decided December, 1938.

The revenue certificates are clearly not bonds requiring an approving vote of the people as provided by Section 6 of Article IX of the Constitution, and not being bonds nor payable from taxes imposed on the assessable properties of the "City indebtedness," they are not within the term bonded as used in reference to the City's allowable indebtedness prescribed by its charter. There is nothing in the resolution requiring the City to become responsible for the payment of the certificates or any part thereof in its taxing capacity. Payment must be solely from the income from

the waterworks system. Roach v. City of Tampa, *et al.*, 125 Fla. 62, 169 So. 627.

The judgment below is therefore affirmed on authority of the 'case last cited and cases cited 'therein.

Affirmed.

WHITFIELD, BROWN, CHAPMAN, and THOMAS, J. J., concur.

185 So. 352.
Opinion Filed December 21, 1938.

*Carver & Langston,* for Appellant;
*Latimer C. Farr,* for Appellees.