J. G. ANDERSON v. CITY OF WAUCHULA, *et al.*

185 So. 352.
Opinion Filed December 21, 1938.

*Carver & Langston,* for Appellant;
*Latimer C. Farr,* for Appellees.

TERRELL, C. J.—In November, 1938, the City of Wauchula adopted an ordinance providing for the issuance of Revenue Certificates in the sum of $33,000.00 for the construction of improvements and extensions to its electric light and power system, said revenue certificates being payable solely from revenues derived from services furnished by said electric light and power system and to be issued without an approving vote of the taxpayers as contemplated by Section 6, Article IX, of the Constitution.

The said ordinance was predicated on a finding of fact that the City was the owner and operator of its electric light and power system, that it is now inadequate to meet the needs of the City, that the Revenue Certificates which it proposes to issue are necessary to extend and enlarge its electric light and power system, and that the City is fully authorized by its Charter to make such enlargements and extensions, that the same are necessary, and that the income therefrom is sufficient to pay said certificates as they mature in addition to operating and other expenses. The resolution, among other things, provided as follows:

"In the event that the city or any department, agency, or instrumentality thereof shall avail itself of the facilities or services rendered by the system the reasonable value of the facilities or services so rendered *shall be charged* against the city or such department, agency, or instrumentality and shall be paid for *as such charges accrue;* but nothing in this ordinance shall be construed as requiring the City or any department, agency, or instrumentality thereof to avail itself of the facilities or services rendered by the system."

The appellant, J. G. Anderson, a citizen and taxpayer in the City, filed his bill of complaint in the Circuit Court seeking to restrain the issuance of said Revenue Certificates on the ground that the City was without power to issue them because they were in effect bonds, as contemplated by Section 6, Article IX, of the Constitution, and could only be issued by an approving vote of the taxpayers, and on the further ground that the City Charter prohibited bonded indebtedness in excess of ten per cent of its assessed valuation and that the City now has outstanding bonded indebtedness in excess of that amount. A motion to dismiss the bill of complaint was granted and this appeal was prosecuted.

The grounds urged for reversal of the decree below are

the same as those urged in the Circuit Court to restrain the issuance of the revenue certificates. Both these questions were definitely answered contrary to the contention of appellant in McGoon v. Town of Miami Springs, and cases therein cited, decided December, 1938.

The revenue certificates are clearly not bonds requiring an approving vote of the taxpayers as contemplated by Section 6, Article IX of the Constitution, and not being bonds nor payable from taxes imposed on the assessible properties of the City, they are not within the term "bonded indebtedness" as that term is used in reference to the City's allowable indebtedness prescribed by its charter. There is nothing in the resolution requiring the City to become responsible for the payment of the certificates or any part thereof in its taxing capacity. Payment must be from the income from the electric light and power. Roach v. City of Tampa, 125 Fla. 2, 169 So. 627.

The decree below is therefore affirmed on authority of McGoon v. Town of Miami Springs, and cases cited therein.

Affirmed.

WHITFIELD, BROWN, BUFORD, and CHAPMAN, J. J., concur.